UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
   PLAINTIFF,

CASE #: 11-20468

vs.

HON. ARTHUR J. TARNOW

VINOD PATEL, D-36
   DEFENDANT.

| AUSA Wayne F. Pratt | Harold Gurewitz |
|---|---|
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-2548 | (313) 628-4733 |

## REQUEST FOR NOTICE OF FRE 404(b) EVIDENCE

  Now comes Defendant Vinod Patel by his attorney, Harold Gurewitz, and, pursuant to FRE 404(b), requests notice of the general nature of any evidence the Government intends to introduce at trial under FRE 404(b).

              Respectfully Submitted,

              s/Harold Gurewitz
              Gurewitz & Raben, PLC
              333 W. Fort Street, Suite 1100
              Detroit, MI 48226
              (313) 628-4733
              Email:  hgurewitz@grplc.com
              Attorney Bar Number:  14468

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
    PLAINTIFF,

                              CASE #: 11-20468

vs.

                              HON. ARTHUR J. TARNOW

VINOD PATEL, D-36
    DEFENDANT.

| AUSA Wayne F. Pratt | Harold Gurewitz |
|---|---|
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-2548 | (313) 628-4733 |

BRIEF IN SUPPORT OF DEFENDANT'S REQUEST FOR NOTICE OF FRE 404(b) EVIDENCE

**I.  INTRODUCTION**

Defendant Vinod Patel is charged in the First Superseding Indictment (R737) in Count 1 with Health Care Fraud Conspiracy, in violation of 18 USC §1349; and in Count 21 Conspiracy to Pay and Receive Health Care Kickbacks, in violation of 18 USC §371.

In its case-in-chief, the Government may rely upon other act evidence in an attempt to obtain the conviction of Defendant.  Defendant requests that the Court enter an order requiring the Government to give specific notice of what other act evidence it intends to use and provide Defendant Patel with an opportunity to review and/or copy any other act evidence sufficiently before trial so that he has the opportunity to object.

**II.  LAW AND ARGUMENT**

FRE 404(b) provides that, upon request, the Government "shall" provide the defendant with notice of the use of other act evidence in advance of trial:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial*, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

(*emphasis* added). Defendant acknowledges his "initial duty" to request the Government furnish other acts evidence. That duty is the basis for the present motion.

The Court, as well as Defendant, has an obvious stake in pretrial disclosure by the Government of its intention to interject other act evidence into the trial. Admissibility under FRE 404(b) and 403 poses inherent questions of admissibility which ordinarily delay the proceedings when litigated during trial. If the Government is allowed to introduce such evidence during trial, continuances may be necessary to allow the Defendant a fair opportunity to meet the evidence or to object to it. Additionally, erroneous admission of other acts evidence is a common source of mistrials, appeals and retrials. See *United States v. Ebens*, 800 F2d 1422, 1433-1436 (6th Cir., 1986); *United States v. Blankenship*, 775 F2d 735, 739-740 (6th Cir, 1985).

In *United States v. Barnes*, 49 F3d 1144 (6th Cir, 1995), the Sixth Circuit reviewed the government's obligations under FRE 404(b). The court noted that the Defendant's request:

> imposes a continuing obligation on the government to comply with the notice requirement of Rule 404(b) whenever it discovers information that meets the previous request.

*Id*. at 1148. The court further noted that, "the government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature" and the notice, "must be sufficiently clear so as to permit pretrial resolution of the issue of its admissibility." *Id.* at

-2-

1148-1149.

It is, therefore, both required and in the interest of sound judicial administration to require pretrial notice of the Government's intention to use other act evidence and to resolve issues of admissibility before the jury is exposed to *voir dire* and opening statements.

### III.   CONCLUSION

For the reasons stated, this Court should enter an order requiring the Government to provide notice in advance of trial of any evidence it will seek to offer under FRE 404(b).  Any Government notice should (1) specify the particular nature of any other act evidence it intends to rely upon in its case-in-chief against Defendant, and (2) specify for what purpose it is offering the evidence.

                                            Respectfully Submitted,

                                            s/Harold Gurewitz
                                            Gurewitz & Raben, PLC
                                            333 W. Fort Street, Suite 1100
                                            Detroit, MI 48226
                                            (313) 628-4733
                                            Email:  hgurewitz@grplc.com
                                            Attorney Bar Number:  14468

### CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                            /s Harold Gurewitz (P14468)
                                            Gurewitz & Raben, PLC
                                            333 W. Fort Street, Suite 1100
                                            Detroit, MI 48226
                                            (313) 628-4733
                                            email: hgurewitz@grplc.com