**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
      **PLAINTIFF,**

vs.

**CASE #: 11-20468**

**HON. ARTHUR J. TARNOW**

**VINOD PATEL, D-36**
      **DEFENDANT.**

| | |
|---|---|
| AUSA Wayne F. Pratt | Harold Gurewitz |
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-2548 | (313) 628-4733 |

## MOTION FOR SEVERANCE

Defendant Vinod Patel, by his attorney, Harold Gurewitz, asks this Court to sever counts and defendants for trial. Counts 12 through 20 allege controlled substance violations that include alleged distribution of Schedule II drugs such as Oxycontin. Mr. Patel is not alleged to be a defendant in these counts or to be part of the conduct which those counts apparently concern. Defendant seeks relief from improper joinder of offenses and defendants pursuant to FRCrP 8 and alternatively relief from prejudicial joinder pursuant to Rule 14(a). He relies on his attached Brief for additional support.

Pursuant to LR 7.1, counsel sought concurrence in this Motion. Concurrence was not obtained.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

                                                By:    s/Harold Gurewitz
333 W. Fort Street, 11th floor
Detroit, MI 48226
(313) 628-4733
Email: hgurewitz@grplc.com

Date:November 1, 2013          Attorney Bar Number: 14468

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
   PLAINTIFF,

                CASE #: 11-20468

vs.

                HON. ARTHUR J. TARNOW

VINOD PATEL, D-36
   DEFENDANT.

| AUSA Wayne F. Pratt | Harold Gurewitz |
|---|---|
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-2548 | (313) 628-4733 |

### BRIEF IN SUPPORT OF MOTION FOR SEVERANCE

**I. INTRODUCTION**

  Defendant Vinod Patel asks this Court for severance of Counts 12-20 of the First Superseding Indictment (R737) and the defendants charged in those Counts because they are improperly joined under FRCrP 8(a) and (b). In the alternative, he asks for relief from prejudicial joinder pursuant to FRCrP 14.

**II. STATEMENT OF FACTS**

  On March 19, 2013, the grand jury returned a twenty-one-count First Superseding Indictment charging eighteen defendants. Vinod Patel is only charged in Counts 1 and 21 with conspiracies to commit fraud.

  He is charged in Count One with Health Care Fraud Conspiracy, in violation of 18 USC §1349 (Count 1); and in Count Two with Conspiracy to Pay and Receive Health Care Kickbacks, in violation of 18 USC §371 (Count 21).

Counts 1 and 21 of the Indictment allege that Vinod Patel and others engaged in unlawful activities to enrich themselves including:

- submitting false and fraudulent claims to Medicare, Medicaid, and private insurers;

- offering and paying kickbacks and bribes to physicians, Medicare and Medicaid beneficiaries, and other individuals in return for referring individuals for the furnishing of any item or service for which payment may be made by Medicare or Medicaid;

- soliciting and receiving kickbacks and bribes to physicians, Medicare and Medicaid beneficiaries, and other individuals in return for referring individuals for the furnishing of any item or service for which payment may be made by Medicare or Medicaid;

- concealing the submission of false and fraudulent claims to Medicare, Medicaid, and private insurers, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and

- diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

(R737, Pg ID 4582-4583, 4595). In sum, these two counts allege that his conduct involved fraud and kickbacks in connection with home health care.

Vinod Patel is not charged in Count 11, a conspiracy to distribute controlled substances, in violation of 21 USC §846, or Counts 12-20, specific acts of distribution.[1] These counts allege that the "drug" defendants conspired to distribute and distributed Schedule II and Schedule III narcotics, including Oxycodone, Oxymorphone, Vicodin, Xanax, Lortab, APAP, and codeine based cough medicine.

These drug counts charge that the "drug" defendants "distributed not less that 250,000

---

[1] These counts also do not charge Javaid Bashir, M.D., Rajat Daniel, M.D., and Atul Patel.

doses of the Schedule II controlled substances Oxycodone (OxyContin) and Oxymorphone (Opana and Opana ER); not less than 4,200,000 doses of the Schedule III controlled substance Hydrocodone (Vicodin, Lortab, APAP), not less than 1,500,000 does of Schedule IV controlled substance Alprazolam (Xanax), and not less than 6,100 pint bottles of the Schedule V controlled substance codeine cough syrup." (R737, Pg ID 4593). There is no alleged relationship between Vinod and these drug allegations. The prejudicial impact of a joint trial at which a single jury will be exposed to evidence that other defendants were involved in supplying the chain of distribution of these drugs is substantial.

### III. DISCUSSION

The Court should grant Defendant severance of Counts 11 and 12-20 for trial because they are improperly joined under FRCrP 8(a) and (b).

#### A. JOINDER IS IMPROPER UNDER FRCRP 8(A) AND (B).

Improper joinder is governed by FRCrP Rule 8. Rule 8 states:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Analysis pursuant to these rules begins with the nature of the separate groups of counts. *United States v. Frost*, 125 F3d 346, 389 (6th Cir., 1997). Vinod Patel is only charged in Counts 1

and 21 charging fraud and kickbacks in connection with home health care. The allegations in these counts as to Vinod Patel are completely unrelated to Counts 11 and 12-20.

Counts 11 through 20 allege distribution and conspiracy to distribute Schedule II and Schedule III narcotics. These counts are completely unrelated to the conduct alleged against Vinod Patel.

Counts 11 through 20, are not of the same or similar character as Counts 1 and 21. Counts 11 through 20 allege a separate and distinct conspiracy and substantive offenses involving the distribution of Schedule II and Schedule III narcotics. Counts 11 through 20 are not based on the same acts or transactions as the charged offenses involving Mr. Patel. Neither are they based on acts which are connected or part of a common scheme or plan. As a result, Counts 11 and 12-20 are improperly joined.

Vinod Patel also is improperly joined under FRCrP 8(b) with the "drug" defendants named in Counts 11 through 20. Count 11 charges fourteen (14) defendants with possession, Conspiracy to Distribute Controlled Substances, in violation of 21 USC §846. Counts 12-20 charges five of those fourteen defendants with Distribution of Controlled Substances in violation of 21 USC §841(a)(1) and 18 USC §2. There is no allegation that the conduct alleged in Counts 11 through 20, was part of the same act or transaction or series of acts and transactions constituting the other counts. Joinder of Defendant and the defendants charged in Counts 11 through 20 is improper under FRCrP 8(b).

In assessing the propriety of Rule 8 joinder, courts also consider whether there is likely to be a savings in time and money in having a single trial. *United States v. Swift*, 809 F2d 320, 322 (6th Cir., 1987). If the offenses arise out of separate and unrelated transactions, there is likely to

be little in the way of savings in time and money in having a single trial. In the instant case, there is likely to be little overlap in proofs for Counts 11 through 20 because they do not arise from the same series of events or factual background as the other counts as to Vinod Patel. See *United States v. Halper*, 590 F2d 422, 430 (2nd Cir, 1978) (the advantages of joinder "largely disappear" where there is no common factual basis for two offenses). Evidence of the alleged distribution of controlled substances have nothing to do with evidence of alleged kickbacks and billing for home health care services.

      Although the Sixth Circuit has held that Rule 8 should be construed in favor of joinder, it has also held that failure to meet the requirements of Rule 8 is misjoinder as a matter of law. *United States v. Hatcher*, 680 F2d 438, 440 (6th Cir., 1982) (citations omitted). Misjoinder of offenses or defendants is a question of law. If joinder of multiple defendants or multiple offenses does not comply with the requirements of Rule 8, the district court has "no discretion on the question of severance." *Id* at 441. *United States v. Chavis*, 296 F3d 450, 456 (6th Cir., 2002).

      **B.    IN THE ALTERNATIVE, SEVERANCE SHOULD BE GRANTED UNDER RULE 14(A) TOV PROTECT VINOD PATEL FROM SUBSTANTIAL PREJUDICE.**

Rule 14(a) permits this Court to order a separate trial of counts whenever it "appears" that a defendant may be prejudiced by joinder of counts at trial. FRCrP 14 provides:

> **(A) Relief**. If joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Severance should be granted where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 US 534, 539 (1993).

> For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendant are together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.

*Id.* (internal quotation omitted).

Because "[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence," the true test is whether in all the circumstances of a particular case it will possible for the jury to individualize each defendant in his relation to the group and to compartmentalize the evidence as it relates to separate defendants. *Bruton v. United States*, 931 US 123, 131, n. 6 (1968); see also *United States v. Elder*, 90 F3d 1110, 1119-20 (6th Cir, 1996).

Here, Vinod Patel would be substantially prejudiced by a joint trial with the drug counts. At a joint trial with the drug charges, the jury apparently will hear testimony that co-defendants involved in distributed substantial amounts of Schedule II and III narcotics. These include narcotics which have received wide spread coverage in the media, often cited by the prosecution in drug cases at sentencing, describing their devastating impact on communities. *See* Sabrina Tavernise, *Ohio County Losing Its Young to Painkillers' Grip*, NY TIMES (4/19/11), http://www.nytimes.com/ 2011/04/20/us/20drugs.html?pagewanted=all; *see also* Barry Meijer, *F.D.A. Bars Generic OxyContin*, NY TIMES (4/16/13), http://www.nytimes.com/2013/04/17/business/fda-bars-generic-oxycontin.html. Evidence of their illegal distribution by co-conspirators will have a highly prejudicial impact on Vinod Patel. *See* Tresa Baldas, *Federal Government Indicts 43 More on Charges of Running Prescription*

*Drug Scheme*, DETROIT FREE PRESS (3/20/12),

http://www.freep.com/apps/pbcs.dll/article?AID=2013130320049.

    Because the connection between these counts and the allegations against Mr. Patel are tenuous, at best, inclusion of highly prejudicial evidence in which Mr. Patel was not involved, will deny him a fair trial.

**V.**    **CONCLUSION**

    For the reasons stated, Defendant Vinod Patel respectfully requests that this Court sever counts pursuant to FRCrP 8(a) and (b), or in the alternative, pursuant to Federal Rule of Criminal Procedure 14(a), because Defendant faces substantial prejudice.

    Respectfully Submitted,

    s/Harold Gurewitz
    Gurewitz & Raben, PLC
    333 W. Fort Street, Suite 1100
    Detroit, MI 48226
    (313) 628-4733
    Email:  hgurewitz@grplc.com
    Attorney Bar Number:  14468

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

    /s Harold Gurewitz (P14468)
    Gurewitz & Raben, PLC
    333 W. Fort Street, Suite 1100
    Detroit, MI 48226
    (313) 628-4733
    email: hgurewitz@grplc.com