UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
   PLAINTIFF,

                CASE #: 11-20468

vs.

                HON. ARTHUR J. TARNOW

VINOD PATEL, D-36
   DEFENDANT.

| AUSA Wayne F. Pratt | Harold Gurewitz |
|---|---|
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-2548 | (313) 628-4733 |

**MOTION TO DISMISS COUNT ONE OF THE
FIRST SUPERSEDING INDICTMENT BECAUSE OF DUPLICITY**

   Now comes Defendant Vinod Patel by his attorney, Harold Gurewitz, and respectfully requests that this Court enter an order dismissing Count 1 of the First Superseding Indictment because it is duplicitous. For his reasons, Defendant relies upon his Brief in Support of this motion.

   Pursuant to LR 7.1, counsel sought concurrence in this Motion. Concurrence was not obtained.

              Respectfully Submitted,

              **GUREWITZ & RABEN, PLC**

           By: s/Harold Gurewitz
              333 W. Fort Street, 11th floor
              Detroit, MI 48226
              (313) 628-4733
              Email: hgurewitz@grplc.com
Date: November 1, 2013      Attorney Bar Number: 14468

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
   PLAINTIFF,

                CASE #: 11-20468

vs.

                HON. ARTHUR J. TARNOW

VINOD PATEL, D-36
   DEFENDANT.

| | |
|---|---|
| AUSA Wayne F. Pratt | Harold Gurewitz |
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-2548 | (313) 628-4733 |

**BRIEF IN SUPPORT MOTION TO DISMISS COUNT 1 OF THE
FIRST SUPERSEDING INDICTMENT BECAUSE OF DUPLICITY**

**I. INTRODUCTION**

Defendant Vinod Patel is charged in Count 1 of the Indictment with Health Care Fraud Conspiracy, in violation of 18 USC §1349. Count 1 improperly charges Vinod Patel, and others, with two separate conspiracies, both in violation of §1349: (1) the submission of false and fraudulent claims to medicare, medicaid, and private insurance companies and (2) soliciting, offering, and paying of health care kickbacks and bribes. As a result, Count 1 is duplicitous and should be dismissed.

**II. STATEMENT OF FACTS**

On March 19, 2013, the grand jury returned a twenty-one-count First Superseding Indictment (R737) charging eighteen defendants. Defendant Vinod Patel (D-36) was only charged in two of the twenty one counts. Both counts charge conspiracy.

Vinod Patel is charged in Count One with Health Care Fraud Conspiracy, in violation of

18 USC §1349 . In Count 21, he is charged with Conspiracy to Pay and Receive Health Care Kickbacks, in violation of 18 USC §371.

Count 1 alleges that, in and around January 2006 to the present, Vinod Patel and others engaged in unlawful activities to enrich themselves. It includes a list of 26 pharmacies (¶¶20-46) and two home health agencies (¶¶47-49). Paragraph 49 alleges that Vinod Patel was the owner of one, First Michigan Home Health Care.

According to Paragraph 70, the conspiracy had two primary purposes: submission of fraudulent claims and soliciting or paying kickbacks. It alleges that Babubhai had overlapping roles; that is, he acquired ownership and control of various pharmacies (¶72) and he acquired ownership of home health agencies (¶73). It then alleges that Babubhai Patel and his pharmacy associates would use kickbacks, including controlled substances, to further their submission of false claims (¶75). It then separately alleges that Babubhai Patel and his home health care associates would use kickbacks to induce physicians to write prescriptions for services. (¶76). There is no allegation that the home health agencies played any role in the operation of the pharmacies or vice versa. However, on its face, Count 1 alleges that Vinod Patel was a member of both conspiracies.

Count 21 alleges that, in or around January 2006 to the present, 18 of the defendants, including Defendant Vinod Patel, conspired to pay and receive health care kickbacks, in violation of 18 USC §371 (R737, Pg ID 4595). As in Count 1, Count 21 alleges that Vinod Patel, and others, knowingly and wilfully solicited, received, and paid kickbacks and bribes in return for referring individuals "for the furnishing of any item or service for which payment may be made by Medicare or Medicaid." (R737, Pg ID 4595-4596). This count alleges that this conduct was a conspiracy to violate 42 USC §1320a-7b(b), the Medicare Anti-Kickback statute.

**III.    COUNT 1 IS DUPLICITOUS AND SHOULD BE DISMISSED BECAUSE IT IMPROPERLY CHARGES MULTIPLE CONSPIRACIES IN ONE COUNT.**

It is the general rule that a single count that charges more than one offense is defective because it is duplicitous. "An indictment is duplicitous if it sets forth separate and distinct crimes in one Count." *United States v. Davis*, 306 F3d 398, 415 (6th Cir. 2002); *United States v. Duncan*, 850 F2d 1104, 1108, n.4 (6th Cir. 1988). The Sixth Circuit has recognized the inherent problems, constitutional in their basis, in charging a defendant with more than one offense in a single count. First, duplicitous indictments implicate the protections of the Sixth Amendment guarantee of jury unanimity. *See United States v. Campbell*, 279 F3d 392, 398 (6th Cir. 2002); *see also Duncan*, 850 F2d at 1108, n.4 ("overall vice of duplicity is that jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both"). The danger is that "[b]y collapsing separate offenses into a single count, duplicitous indictments prevent the jury from convicting on one offense and acquitting on another." *Campbell*, 279 F3d at 398 (internal citations omitted). Second, a duplicitous count may result in improper notice of the charges as required by the Sixth Amendment pursuant to FRCrP 7. *cf. United States v. Landham*, 251 F3d 1072, 1079, n.3 (6th Cir. 2001). The notice requirement is intended to provide the defendant a basis on which to intelligently consider and prepare his defense. *United States v. Berios-Centeno*, 250 F3d 294, 297 (5th Cir. 2001) (quoting *United States v. Cabrera-Teran*, 168 F3d 141, 143 (5th Cir. 1999)).[1] Third, a duplicitous count exposes the defendant to double jeopardy. *See Duncan*, 850 F2d at 1108 n.4; *see also United States v. Alsobrook*, 620 F2d 139, 142 (6th Cir. 1980) (recognizing

---

[1] Note that Rule 7(c) permits the government to allege a defendant committed an offense by one or more specified *means*. This is not duplicity. Duplicity occurs when the government alleges several acts of crime under one count. *United States v. Duncan*, 850 F2d at 1111 n.7.

double jeopardy as one danger of duplicitous claims). Fourth, an indictment joining separate multiple offenses in a single count increases the potential for "prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal and of course the danger that a conviction will result from a less than unanimous verdict as to each separate offense." *Duncan*, 850 F2d at 1108 n.4, *see also United States v. Washington*, 127 F3d 510, 513 (6th Cir. 1997) ("Duplicity can potentially prejudice the defendant in sentencing, obtaining appellate review, and protecting himself against double jeopardy.").

Whether a single count charges multiple separate offenses should be evaluated by applying the *Blockburger* test.  The *Blockburger* test states that if each alleged offense requires proof of an additional fact that another allegation does not, the offenses are separate. *United States v. Blockburger*, 284 US 299 (1932); *see also Davis*, 306 F3d at 416; *United States v. Adesida*, 129 F3d 846, 849 (6th Cir. 1997) (count duplicitous because alleged offenses "require different proof and are two separate offenses.").

In the present case, Count 1 charges Vinod Patel, and others, with two separate conspiracies, both in violation of §1349: (1) the submission of false and fraudulent claims to medicare, medicaid, and private insurance companies and (2) soliciting, offering, and paying of health care kickbacks and bribes. Each requires different proof and, as a result, are two separate offenses. The analysis is not different when a single count alleges multiple conspiracies rather than multiple substantive. *See Kotteakos v. United States*, 328 US 750 (1946); *United States v. Marlinga*, 04-80372, 2005 U.S. Dist. LEXIS 3156, (ED Mich. Feb. 28, 2005).

The essence of the crime of conspiracy is agreement. *United States v. Warner*, 690 F2d 545, 548-549 (6th Cir. 1982). "Whether a given case involves single or multiple conspiracies depends on whether there was one overall agreement to perform various functions to achieve the

objectives of the conspiracy." *United States v. Radtke*, 415 F3d 826, 838 (8th Cir. 2005). "The principal considerations in determining the number of conspiracies are the existence of a common goal, the nature of the scheme, and the overlapping of the participants in various dealings." *United States v. Smith*, 320 F3d 647, 654 (6th Cir. 2003). Furthermore, in order to prove a single conspiracy, "the government must show that each alleged member agreed to participate in what he know to be a collective venture directed toward a common goal." *Warner*, 690 F2d at 549 (citing *United States v. Martino*, 664 F2d 860, 876 (2nd Cir. 1981)).

Applying these principals it is clear that Count 1 impermissibly charges multiple conspiracies: one to pay and receive kickbacks and a second to submit fraudulent claims for services or drugs not provided. The allegations of the Indictment concerning Vinod Patel, which involve home health care kickbacks, are not related to any scheme involving pharmacies and the submission of false claims. There is no overall agreement between the individuals alleged to be involved in the submission of false claims and those alleged to be involved in home health care kickbacks. Furthermore, the existence of a common goal or scheme is not alleged.

The distinction between the conduct alleged against Vinod Patel and the defendants involved in home health care and the "drug" defendants that are alleged to have engaged in fraudulent conduct is highlighted further by the separate charges related to the distribution and conspiracy to distribute Schedule II and III narcotics, including OxyContin, in Counts 11 and 12-20. Not a single defendant alleged to have participated in fraud and kickbacks in relation to home health care is charged in these counts.

Moreover, the problems created by charging multiple conspiracies is also compounded by the fact that Count 1 alleges that as part of the conspiracy the defendants were engaged in multiple types of criminal conduct: the submission of false and fraudulent claims and soliciting

and receiving kickbacks. A conspiracy to submit false and fraudulent claims to medicare, medicaid, or insurance companies, does not require the Government to prove that the object of the conspiracy was to solicit, offer, or pay health care kickbacks or bribes. The allegations and the elements of the underlying offenses are separate and distinct. As a result, Count 1 is duplicitous. *See United States v. Savoires*, 430 F3d 376, 379-380 (6th Cir. 2005) (reversing conviction where count of indictment combining use and carriage of firearms and possession of firearm under 18 USC §924(c) into one offense is duplicitous because they are "separate and distinct crimes.").

Therefore, for the reasons stated, Defendant Vinod Patel requests that this Court enter an order dismissing Count 1 of the Indictment (R737), because it is duplicitous.

IV.   CONCLUSION

For the reasons stated, Defendant Vinod Patel requests that this Court enter an order dismissing Count 1 of the Indictment (R737), because it is duplicitous.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

By:   s/Harold Gurewitz
      333 W. Fort Street, 11th floor
      Detroit, MI 48226
      (313) 628-4733
      Email:  hgurewitz@grplc.com
Date:November 1, 2013         Attorney Bar Number:  14468

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s Harold Gurewitz (P14468)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1100
Detroit, MI 48226
(313) 628-4733
email: hgurewitz@grplc.com