UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,

v.


D-34 JAVAID BASHIR, M.D.,
D-35 RAJAT DANIEL, M.D.,
D-36 VINOD PATEL,


                Defendants.
_____/

No. 11-CR-20468

Hon. Arthur Tarnow


**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO SEVER AND TO DISMISS COUNTS DUE TO MULTIPLICITY AND DUPLICITY**


      Defendants Javaid Bashir, Rajat Daniel, and Vinod Patel have moved this court pursuant to Rules 8(b) or 14(a) of the Federal Rules of Criminal Procedure for an order severing their trials from that of their co-defendants.  The three defendants also argue that Counts One and Twenty-One of the First Superseding Indictment, charging (respectively) conspiracy to commit health care fraud and conspiracy to pay and receive health care kickbacks, are multiplicitous. Finally,

1

defendant Vinod Patel argues that Count 1 of the First Superseding Indictment is duplicitous, and should be dismissed.

Mandatory severance under Rule 8(b) is inappropriate in this case, as the charged controlled substance and health care fraud conspiracies arise out of the same series of acts or transactions and are closely related as a factual matter. The three movants are not charged in the controlled substances count, but that fact alone is no bar to their being joined with those charged in the controlled substances conspiracy in this case. Discretionary severance is likewise inappropriate, and is strongly disfavored in the case law in conspiracy cases such as this. Courts have repeatedly recognized the dominant public interest in joint trials, and have required a substantial showing of specific prejudice to a defendant before granting such a motion, a burden none of the defendants can meet. Counts One and Twenty-One are not multiplicitous; the charged offenses have different elements and require proof of different facts, and thus are properly joined in the First Superseding Indictment. Finally, Count One of the First Superseding Indictment is not duplicitous as to Vinod Patel. Count One properly charges Vinod Patel with participating in a single conspiracy to defraud health care insurers orchestrated by Babubhai Patel, and the language of the Superseding Indictment and the proofs the government intends to introduce at trial both demonstrate the existence of a single conspiracy.

2

# ARGUMENT

## A.    Background

The Superseding Indictment in the instant case, unsealed March 19, 2013, charges defendants Vinod Patel, Bashir, and Daniel with one count of participating in a health care fraud conspiracy in violation of 18 U.S.C. § 1349, and with one count of participating in a conspiracy to pay or receive health care kickbacks in violation of 18 U.S.C. § 371.  A number of other defendants face charges

The conspiracies with which each of the defendants are charged are described in the First Superseding Indictment in some detail, and the facts and circumstances underlying the conspiracies are amply described in the discovery produced in this case.  To briefly summarize the allegations, co-conspirator Babubhai Patel is charged with operating a health care fraud scheme out of over twenty pharmacies and at least one home health care agency that that he owned and controlled.  Babubhai Patel and his co-conspirators allegedly paid kickbacks and other forms of remuneration to physicians, in exchange for those physicians writing prescriptions that could be billed to insurers by the one of the Patel Pharmacies, or referrals for home care services that could be billed to insurers through Patel's home health care agency.  The prescriptions and referrals were often written and billed for without regard to medical necessity.  Babubhai Patel

and his co-conspirators profited by billing for expensive medications and home care services, many of which were never provided to patients.

Defendants Bashir and Daniel are physicians who accepted kickbacks and remuneration from Babubhai Patel in exchange for supporting his pharmacy by sending the physicians' prescriptions to Pharmacies controlled by Patel. Both physicians were captured in intercepted wiretap calls discussing the exchange of remuneration for prescriptions with Babubhai Patel. These physicians both provided a substantial volume of prescriptions to Patel's Pharmacies that enabled Patel to profit handsomely from the affiliation.

Vinod Patel is Babubhai Patel's younger brother, and a major player on the home health care side of the Patel criminal enterprise. Vinod Patel was a co-owner with Babubhai Patel of First Michigan Home Health Care, Inc., and in conjunction with Babubhai Patel and other co-conspirators, routinely paid physicians and other referral sources in order to secure referrals to that home health care agency. Many of the services billed for by Frist Michigan were medically unnecessary or never provided. Vinod Patel was also involved in the process of billing-but-not-dispensing medications at several of Patel's Pharmacies, particularly those located in Saginaw, Michigan.

**B.      Severance is Neither Required nor Appropriate in this Case**

Defendants' first argument pertaining to severance is that the defendants are misjoined pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure. The defendants assert that the controlled substance conspiracy, with which they are not charged, is not a part of the same "series of acts or transactions" which make up the Counts with which they are charged. The allegations in the First Superseding Indictment and the facts the government intends to adduce at trial run contrary to this argument, and it should be rejected by the Court.

Pursuant to Rule 8(b), defendants may be joined when they are alleged "to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed R. Crim Pro. 8(b). The Rule goes on to note that "all defendants need not be charged in each count." *Id.* There is ample case law supporting the principle that defendants can be properly joined in cases charging multiple conspiracy counts, so long as the conspiracies are factually related or evince a common scheme or plan. *See, e.g.*, *United States v. Rittweiger* 524 F.3d 171, 177 (2d Cir. 2008) (two factually related conspiracies with "substantial identity of facts and participants" properly joined; no severance required for defendants alleged to have participated in only one of the charged conspiracies); *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998) ("different conspiracies involving different defendants may be joined when they are part of the same series of [illegal] acts or transactions").

In this case, the controlled substance conspiracy is, as a factual matter, intricately linked with the health care fraud and kickback conspiracies. Babubhai Patel directed many of his physicians and pharmacists to, respectively, write and dispense controlled substances at his pharmacies and to do so without regard to medical necessity. A major purpose of the controlled substance conspiracy was for its participants to obtain the patients and patient recruiters necessary to further the health care fraud scheme. In order to bill insurers for fraudulent prescriptions and home care services, Babubhai Patel and his co-conspirators needed patients; illegally distributing controlled substances was one of the principal ways patients and patient recruiters could be induced to participate in the scheme. The First Superseding Indictment makes this plain on its face, listing as a purpose of the controlled substance conspiracy "to facilitate the submission of false and fraudulent claims to Medicare, Medicaid, and private insurer for prescription medication, home health care services, physician office visits, physician home visits, and other services." *See* First Superseding Indictment, pgh 92.

The controlled substances were, in sum, one of the principal forms of kickbacks Babubhai Patel and his co-conspirators used to obtain patients to further the health care fraud scheme. The moving defendants are not alleged to have participated directly in the controlled substance side of Babubhai Patel's scheme; they accepted and/or paid their kickbacks in other ways, and participated in the

health care fraud and kickback conspiracies in ways that did not involve controlled substance distribution. However, the controlled substance conspiracy remains intricately linked to the specific conspiracy charges these three defendants do face, and the plain factual link renders mandatory severance inapplicable in this case.

Discretionary severance is likewise unnecessary in this instance. Joint trials of co-conspirators enjoy a strong preference as a policy matter, and that preference is reflected in the case law. "Joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of a crime to trial." *United States v. Lane*, 474 U.S. 438, 448 (1986). The government has a compelling interest in to promote reliability and consistency of the judicial process, to avoid duplication of evidence, and to provide a comprehensive picture of the allegedly criminal conduct to the jury. *See e.g., Buchannan v. Kentucky*, 483 U.S. 402 (1987).

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court articulated a broad principle concerning motions to sever:

> when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.
> *Id.* at 539.

A defendant is not entitled to severance merely because he would have a better chance of acquittal if tried separately. *Id.* at 540. Nor is a defendant entitled to a

7

severance based on the number of defendants or the number of counts charged in the scheme.  *See United States v. Elder*, 90 F.3d 1110, 1119 (6th Cir. 1996).  The defendant must point to specific trial rights that would be violated or to some fundamental prejudice that would result from a joint trial in order to obtain a severance.

In their motions, none of the three defendants contend in earnest that any of their specific trial rights would be adversely affected by joinder of defendants, though Vinod Patel does contend that the "spillover" effect from evidence against his co-conspirators would unfairly prejudice him.[1]  Courts rarely grant motions for severance on the basis sought by Vinod Patel– indeed, this Circuit has noted that "absent a showing of substantial prejudice, spillover of evidence from one case to another does not require severance." *United States v. Moore*, 915 F.2d 215, 221 (6th Cir. 1990).  Cautionary instructions requesting that the jury appropriately compartmentalize the evidence are almost always sufficient to avoid any potentially prejudicial "spillover" effect.  *See, e.g., Zafiro*, 506 U.S.  at 540; *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).  Vinod Patel can make no showing of specific prejudice that would justify severance in this case.

Defendants also claim that judicial economy favors severance.  The government contends that severance would in fact have quite the opposite effect.

8

The proofs necessary to convict the three movants has substantial overlap with the proofs necessary to convict their remaining co-defendants; duplication of those proofs in two separate trials, requiring separate juries, would add substantially to the burden of the Court and prospective witnesses. Judicial economy counsels in favor of joinder, not severance.

C.     **Counts One and Twenty-One are not Multiplicitous**

The three movants contend that the health care fraud and kickback conspiracies charged in the First Superseding Indictment are multiplicitous, and that the government should be forced to elect between them for trial. An indictment is multiplicitous if it charges the same criminal offense in different counts. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). However, a defendant may be charged with multiple offenses based on the same underlying conduct as long as each offense requires proof of an element not required by the other. *Id.*; *see also United States v. Kelly*, 204 F.3d 652, 656 (6th Cir. 2000) (same) (citing *Blockburger*, 284 U.S. at 304). "[A] single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344 n. 3 (1981).

In the instant case, the two conspiracy charges have different elements, and each requires proof of a fact not required by the other. The health care fraud conspiracy requires no proof of an overt act in furtherance of the conspiracy; the

kickback conspiracy under Section 371 requires such proof.  Furthermore, 18

U.S.C 1349, which in this case charges health care fraud, prohibits conspiring to

commit any offense "under this chapter," i.e., Chapter 18 of the Federal Criminal

Code.  The kickback conspiracy charges a conspiracy to violate section 42 of the

United States Code.   The Supreme Court in Albernaz made clear that the test for

multiplicity focuses on the specific elements of the relevant offenses:

> As *Blockburger* and the other decisions applying its principle reveal . . . the
>
> Court's application of the test focuses on the statutory elements of the
>
> offense. If each requires proof of a fact that the other does not, the
>
> *Blockburger* test is satisfied, notwithstanding a substantial overlap in the
>
> proof offered to establish the crimes.

*Id*. at 337-38.   As a matter of law, the two crimes require proof of facts not

required by the other, rendering the offenses non-multiplicitous under the Supreme

Court precedent established in *Blockburger* and *Albernaz*.

Given the differing elements and proof requirements of the two criminal

conspiracies, the government submits that they would be non-multiplicitous even if

the only evidence of health care fraud that the government intended to present was

that the claims to insurers were induced via the payment of kickbacks.  However,

the proof the government intends to introduce at trial on the health care fraud count

is substantially broader than the fraud inherent in the payment of kickbacks for

10

patient referrals.   For example, the government intends to introduce evidence that

Vinod Patel participated in billing for home health care services that were not

provided, and assisted in the process of billing for medication which was not

dispensed.  The government also intends to introduce evidence that Dr. Daniel

wrote prescriptions regardless of medical necessity, in order to increase the

profitability of Babubhai Patel's pharmacy.  One can commit health care fraud in a

number of different ways. The legal standard alone renders the two offenses non-

multiplicitous, but even if it did not, the differing proofs would eliminate any

credible argument that the offenses punished precisely the same conduct.

Defendants' arguments on multiplicity should be rejected by the Court.

### D. Count One of the First Superseding Indictment is not Duplicitous

Defendant Vinod Patel argues that Count 1 is duplicitous, and should be

dismissed. Patel argues, in essence, two things – (a) that referencing the payment

of kickbacks as part of the purpose/manner and means of the health care fraud

conspiracy is per se duplicitous; and (b), that the home health care and pharmacy

schemes are in fact separate conspiracies, and joining them together is duplicitous.

"An indictment is duplicitous if it 'joins in a single count two or more

distinct and separate offenses.'"  *United States v. Campbell*, 279 F.3d 392, 398 (6th

Cir. 2002) (quoting *United States v. Shumpert Hood,* 210 F.3d 660, 662 (6th Cir.

2000)).  The fact that an indictment alleges a single count of conspiracy to commit

several crimes does not make it duplicitous. *Braverman v. United States*, 317 U.S.

49, 54 (1942) (internal quotation marks and citations omitted). *See also United*

*States v. Campbell,* 279 F.3d 392, 398 (6th Cir. 2002) ("[A]n agreement to commit

several crimes is not duplicitous, as conspiracy is itself the crime.").

At the pre-trial stage, the assessment of duplicity must be made wholly on

the allegations in the Indictment, and the question is whether the Indictment's

language is defective. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir.

2007).[2]  Resolution of whether the facts will show one, two, or even ten

conspiracies must be reserved until trial; "[w]hether single or multiple conspiracies

have been shown is usually a question of fact to be resolved by the jury." *United*

*States v. Schultz*, 855 F.2d 1217, 1222 (6th Cir. 1988).

To determine the existence of a single conspiracy, courts look to:  (1) the

existence of a common goal; (2) the nature of the scheme; and (3) the overlapping

of the participants in various dealings. *United States v. Smith*, 320 F.3d 647, 652

(6th Cir. 2003).  Therefore, "[a] defendant may be convicted for a single

---

[2] "[A] duplicitous or multiplicitous indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count of the indictment." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). *See also United States v. Duncan*, 850 F.2d 1104, 1108–09 n.4 (6th Cir. 1988) (citation omitted) *overruled on other grounds by Schad v. Arizona*, 501 U.S. 624 (1991) ("Courts rejecting duplicity challenges to multiple-predicate counts, however, often premise their rulings on the condition that later augmented jury instructions will adequately protect the defendant against the risk of a nonunanimous verdict.").

conspiracy if the evidence supports a finding that he had knowledge or foresight of the conspiracy's multiplicity of objectives." *Smith*, 320 F.3d at 653.

The Superseding Indictment's language and structure makes clear that the conspiracy alleged in Count 1 is a single conspiracy and satisfies all three elements of the test set forth in *Smith*, cited above. With respect to the existence of a common goal, Babubhai Patel and his co-conspirators all agreed to enrich themselves by defrauding health care insurers. The First Superseding Indictment states this clearly in paragraph 70.[3]

As to the nature of the scheme, the Superseding Indictment makes clear that Babubhai Patel owned and controlled numerous pharmacies and had an interest in various home health care entities, and operated these entities as part of a large-

---

[3] The Superseding Indictment states: It was a purpose of the conspiracy for defendants MITESHKUMAR PATEL, ANMY TRAN, MARK GREENBAIN, SANYANI EDWARDS, LEODIS ELLIOTT, MEHUL PATEL, PRADEEP PANDYA, VIKAS SHARMA, MUKESH KHUNT, RICHARD UTARNACHITT, RUBEN BENITO, CARL FOWLER, JAVAID BASHIR, RAJAT DANIEL, VINOD PATEL, ATUL PATEL, ANTHONY MACKLIN, and MICHAEL THORAN and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare, Medicaid, and private insurers for prescription medication, physician office visits, physician home visits, home health care services, and other services; (b) offering and paying kickbacks and bribes to physicians, Medicare and Medicaid beneficiaries, and other individuals for the purpose of arranging for the use of Medicare and Medicaid beneficiary numbers by the conspirators as the bases of claims filed for prescription medication, home health care services, and other services; (c) soliciting and receiving kickbacks and bribes in return for arranging for the furnishing of services for which payment may be made by Medicare and Medicaid by providing Medicare and Medicaid beneficiary numbers, which formed the basis of claims filed for prescription medication, physician home visits, physician office visits, home health services, and other services; (d) concealing the submission of false and fraudulent claims to Medicare, Medicaid, and private insurers, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (e) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

scale criminal enterprise.  Babubhai Patel and his co-conspirators paid kickbacks and bribes to a number of physicians, adult foster care owners, and others, and Babubhai Patel's single objective was to obtain referrals to both his pharmacies and his home health care agencies from these referral sources.  The referral sources, such as doctors, profited both through the cash kickbacks Patel paid and through the ability to bill insurers for services supposedly provided to patients, many of whom were supplied by Babubhai Patel.  Many different entities were involved in submitting false claims to insurers -- pharmacies, home health agencies, physicians – but all of these false claims were part of a common scheme, namely, to enrich Babubhai Patel and the participants in his criminal network.

Finally, under the third prong of the *Smith* test, it is plain there is a substantial overlap of participants.  First of all, Babubhai Patel was involved in every pharmacy and home health agency listed in the Superseding Indictment, and is one participant common to every entity in the case.  Second, many of the physicians on Babubhai Patel's payroll were involved in sending patients to both Patel's pharmacies and the home health entities with which Patel was affiliated.  Paragraphs 76-78 of the Superseding Indictment list a number of such physicians.  Furthermore, the government intends to produce evidence at trial showing that Vinod Patel himself was involved in both the home health care fraud and the pharmacy fraud, all in service of Babubhai Patel's unified criminal enterprise.

2:11-cr-20468-AJT-MKM   Doc # 1054   Filed 11/15/13   Pg 15 of 16   Pg ID 11462

In sum  Count One of the First Superseding Indictment is not duplicitous as to Vinod Patel, and his argument to the contrary should be rejected.

## CONCLUSION

For the foregoing reasons, the United States requests that defendants' Motions be denied.

Respectfully Submitted,

BARBARA L. MCQUADE
*United States Attorney*

/s/ John K. Neal
JOHN K. NEAL
*Assistant United States Attorney*
*United States Attorney's Office*
*Eastern District of Michigan*
*211 W. Fort Street, Ste. 2001*
*Detroit, MI 48226*
*(313) 226-9644*
*John.Neal@usdoj.gov*

/s/Wayne F. Pratt
WAYNE F. PRATT
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Ste. 2001*
*Detroit, MI 48226*
*(313) 226-9583*

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2013, I served a copy of the foregoing upon all counsel of record via the court's electronic CM/ECF system.

/s John K. Neal