UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                        Criminal No. 11-cr-20468

vs.

                        Honorable Arthur J. Tarnow

D-36   VINOD PATEL,

    Defendant.
_____/

## GOVERNMENT RESPONSE AND BRIEF REGARDING MOTION FOR ADDITIONAL DISCOVERY

Defendant VINOD PATEL filed a Motion for Additional Discovery (R. 1038). This motion requests disclosure of rough notes, maintenance of rough notes, disclosure of grand jury transcripts and witness reports and statements. This motion seeks to discover a broad range of information from the government prior to trial.

The government has already provided extensive discovery in this case. The government is available to meet and confer with any and all defense counsel regarding additional discovery that they wish to review before trial. However, until the identity of all defendants going to trial is known, the government is unable to finalize its witness list. Therefore, a request for impeaching material for all government witnesses is premature. Nonetheless, those defendants who have

already pleaded guilty and may be witnesses have Rule 11 plea agreements filed on the public docket. The government will turn over impeachment materials for all witnesses in time so that the trial is not delayed.

1. BRADY INFORMATION

The defendant's motion seeks pretrial disclosure of *Brady* information contained in grand jury transcripts. The government is aware of the duty to disclose evidence favorable to the defendant, and fully intends to comply with its obligations. The government does not need a further order of this court to give it an additional incentive to comply with its Brady obligations.

Under the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Augers*, 427 U.S. 97 (1976) and *United States v. Bagley*, 473 U.S. 667 (1985), the government must disclose evidence favorable to the defendant who specifically requests it when the evidence is material to guilt or punishment.[1] This circuit defined the scope of *Brady* in *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

---

[1] Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 678. A "reasonable probability" under this standard is one that is "sufficient to undermine confidence in the outcome." Id.

As this circuit noted in *Presser* and the Supreme Court held in *Pennsylvania v. Ritche*, 480 U.S. 39 (1987), it is within the sole discretion of the government, within due process limits, when to turn over material to the defendant. "[S]o long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated." *Presser*, 844 F.2d at 1283.

    2.    <u>FED. R. CRIM. P. 16</u>

In a separate motion to request notice of government's intent to call expert witnesses (R. 1037), the defendant requests expert witness disclosure. The government intends to call an expert pharmacist, Dr. William Drake, who has twice testified before this court. His qualifications and prior testimony are well known to counsel for Vinod Patel, who has already cross-examined him during the first Patel trial in 2012. The government will also call an expert doctor, Dr. Eugene Mitchell. His qualifications and a summary of his testimony will be provided to the defense in the near future.

    3.    <u>JENCKS ACT</u>

To the extent the defendants seek pre-trial discovery of grand jury testimony, as well as any other statement by witnesses, their request is precluded under 18 U.S.C. §3500, commonly known as the Jencks Act, which protects the government

from turning over witness statements until after the direct examination of the witness has been completed. Witness statements as defined by 18 U.S.C. § 3500(e) consist of (1) written statements made by the witness and signed or otherwise adopted or approved by the witness; (2) contemporaneous and substantially verbatim electronic recordings; and (3) grand jury transcripts. Virtually all grand jury and witness statements discoverable under *Jencks* have been already disclosed, and the remainder will be disclosed so as not to delay the trial proceedings.

4. ROUGH NOTES

Defendant requests an order directing the government to disclose or, in the alternative, to preserve agents' rough notes. Except for rough notes of the defendant's own interview that are not incorporated into a formal report, see *United States v. Clark*, 385 F.3d 609, 615-616 (6th Cir 2004), this is not the law in the Sixth Circuit. In *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977), the court expressly stated "this circuit has held that routine destruction of interview notes after preparation of a full 302 report did not violate either *Jencks* Act, Title 18, United States Code, § 3500 (1970), or case law such as *Brady v. Maryland*, 373 U.S.83 (1963). See, *United States v. Frederick*, 583 F.2d 273, 274, cert. denied 444 U.S. 860 (1978), *United States v. Simtob*, 901 F.2d 799, 809 (9th Cir. 1990).

Interview notes of an investigating agent are not Jencks Act material unless

4

the witness adopts the report by signing it, reading it, or having it read to him. *United States v. Nathan*, 816 F.2d 230, 237 (6th Cir. 1987). The *Nathan* court noted the sound rationale for the rule:

> One purpose of the Jencks Act is to prevent "the undiscriminating production of agent's summaries of interviews regardless of their character or completeness." *Palermo v. United States*, 360 U.S. 343, 350, 79 S. Ct. 1217, 1223, 3 L.Ed.2d 1287 (1959). Indeed, it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigators' selections, interpretations and interpolations." Id, 816 F.2d at 236.

It is simply unfair to cross-examine either the witness or the agent on the basis that the final report is more complete than the underlying notes.

Any information in such rough notes has been incorporated into final reports. Moreover, such notes are not *Jencks* material and defendant has no discovery right to such documents. *United States v. Hinton*, 719 F.2d 711, 719-722 (4th Cir 1983) cert. denied, 104 S.Ct. 1300 (1981); *United States v. Hurst*, 510 F.2d 1035, 1036 (6th Cir 1975). However, to the extent such notes still exist, government counsel will direct the agents to retain them pending trial. No further order from the Court is required.

## CONCLUSION

For all of the above reasons, the United States respectfully requests that the defendant's motion for additional discovery, above and beyond what has been already provided, be denied as moot, since the government has already provided virtually all of the discovery, and the rest of the discovery will be provided in time for use at trial.

    Respectfully submitted,

    BARBARA L. McQUADE
    United States Attorney

    s/WAYNE F. PRATT
    Assistant United States Attorney
    211 W. Fort Street, Ste. 2001
    Detroit, Michigan 48226
    (313) 226-9100
    Wayne.pratt@usdoj.gov
    P32528

DATED:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Criminal No. 11-cr-20468

vs.

                                    Honorable Arthur J. Tarnow

D-36   VINOD PATEL,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, November 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Harold Gurewitz, Esq.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

                                                s/WAYNE F. PRATT
                                                Assistant United States Attorney
                                                211 W. Fort Street, Ste. 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9100