UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
  PLAINTIFF,

CASE #: 11-20468

vs.

HON. ARTHUR J. TARNOW

VINOD PATEL, D-36
  DEFENDANT.

| | |
|---|---|
| AUSA Wayne F. Pratt | Richard M. Beuke |
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Richard M. Beuke & Associates |
| 211 W. Fort Street, Suite 2001 | 115 W. 55th Street, Suite 400 |
| Detroit, MI 48226 | Chicago, IL 60514 |
| (313) 226-2548 | (312) 427-3050 |

## MOTION FOR ADDITIONAL DISCOVERY

Now comes Defendant Vinod Patel, by his attorneys, Richard M. Beuke and Timothy M. Black, and respectfully requests, in accordance with *Brady v. Maryland*, 373 US 83, 87 (1963), *Giglio v. United States*, 405 US 150 (1972), and *Kyles v. Whitley*, 514 US 419, 434 (1995), that this Court enter an order requiring the Government to disclose all information helpful to Defendant Patel on the issues of guilt or punishment. For his reasons, Defendant relies upon his Brief in Support of this motion. Defendant specifically requests disclosure of all: (1) rough notes of agent witness interviews; (2) in the alternative, that the Government advise all investigative agents to maintain all such notes; (3) disclosure of all Grand Jury transcripts that contain *Jencks*, *Giglio* or *Brady* materials; and, (4) all witness reports or statements.

To counsel's knowledge, pursuant to LR 7.1, Vinod Patel's previous counsel sought concurrence in this Motion. Concurrence was not obtained.

Respectfully Submitted,

s/ Richard M. Beuke
Richard M. Beuke & Associates
115 W. 55th St., Suite 400
Clarendon Hills, IL 60514
(312) 427-3050
Email: richardbeuke@gmail.com
Attorney Bar Number:  3126841 (IL)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
        **PLAINTIFF,**

                                              **CASE #: 11-20468**

**VS.**

                                              **HON. ARTHUR J. TARNOW**

**VINOD PATEL, D-36**
        **DEFENDANT.**

| | |
|---|---|
| AUSA Wayne F. Pratt | Richard M. Beuke |
| AUSA John K. Neal | Counsel for Defendant Vinod Patel |
| U.S. Attorney's Office | Richard M. Beuke & Associates |
| 211 W. Fort Street, Suite 2001 | 115 W. 55th Street, Suite 400 |
| Detroit, MI 48226 | Chicago, IL 60514 |
| (313) 226-2548 | (312) 427-3050 |

**BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL DISCOVERY**

## I.   INTRODUCTION

Defendant Vinod Patel is charged in the First Superseding Indictment (R 737) with Health Care Fraud Conspiracy, in violation of 18 U.S.C. § 1349; and Conspiracy to Pay and Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371. As this court is aware from other extensive proceedings concerning this indictment, including two prior trials, there are extensive investigative materials that the Government has accumulated in preparation of this case. These include an enormous six month Title III electronic surveillance, countless witness interviews, health care records and expert reports or compilations. It is believed that the Government generally has been forthcoming in presenting or making these records available to defense counsel. However, it is essential to the defense in this case that the Government fully comply with all of its obligations. To assure this occurs, Defendant Vinod Patel here reiterates his requests for all of that information and specifically requests that this court order the Government to provide additional materials which it

is believed they have not yet disclosed; and, that they do so reasonably in advance of trial to make use of them meaningful.

Defendant Vinod Patel asks this Court , in accordance with *Brady v. Maryland*, 373 US 83, 87 (1963), *Giglio v. United States*, 405 US 150 (1972), and *Kyles v. Whitley*, 514 US 419, 434 (1995), to enter an order requiring the Government to disclose all information helpful to Defendant Patel on the issues of guilt or punishment. Due process requires that such information is required to be provided and is essential to Mr. Patel's right to a fair trial. This should include: (1) agent rough or handwritten notes of witness interview; (2) in the alternative, that the Government be required to request all investigative agents to maintain such notes; (3) Grand Jury testimony that contains any materials that should be disclosed pursuant to *Jencks, Brady* or *Giglio*; and all other such witness materials that have not yet been provided.

## II. THIS COURT SHOULD ORDER THE DISCLOSURE OF ALL INFORMATION HELPFUL TO THE DEFENDANT ON THE ISSUES OF GUILT OR PUNISHMENT.

In *Brady v. Maryland*, 373 US 83, 87 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. See *Giglio v. United States*, 405 US 150 (1972). In *Kyles v. Whitley*, the court clarified the Government's obligations under *Brady* and its progeny to enforce a constitutional duty to become informed about available information and to evaluate the cumulative effect of all evidence withheld from the defendant. *Whitley*, 514 US 419, 434 (1995).

That is essential here where investigation here has been carried out over multiple years by law enforcement agencies. Their reports and notes are all equally part of the material that must be provided to the Defendant. *United States v. North American Reporting*, 740 F.2d 50, 55 (D.C. Cir.

1984) *cert. denied* 106 S.Ct. 273 (holding that governmental internal notes, including government attorney notes, are not subject to the work product doctrine and are discoverable under the Jencks Act); *United States v. Ferguson*, 487 F. Supp. 2d 220 (D. Conn. 2007)(requiring disclosure of law enforcement notes taken during and after defendant interviews); *United States v. Ramos*, 27 F.3d 65 (3d Cir. 1994) (holding that an agent's rough notes are discoverable); *see also United States v. Rippy*, 606 F.2d 1150 (D.C. Cir. 1979) (requiring disclosure of agent notes); *United States v. Wallace*, 848 F.2d 1464 (9th Cir. 1988)(requiring disclosure of a government witness's grand jury notes under the Jencks Act). Furthermore, the Government's disclosure must include Grand Jury testimony that contains any materials that should be disclosed pursuant to *Jencks, Brady* or *Giglio*. *See United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995)(holding that grand jury testimony is discoverable under Jencks and *Brad*y and may require disclosure prior to trial); *see also* 18 USC § 3500(b) & (e)(3).

### A.    TIMING

It has long been the rule that *Brady* material, including material to be used to impeach critical government witnesses, must be turned over sufficiently in advance of trial to allow "for full exploration and exploitation by the defense." *Grant v. Alldredge*, 498 F2d 376, 382 (2nd Cir., 1974). *Brady* itself requires that the favorable evidence be disclosed "upon request." 373 US at 104. For example, in *United States v. Crozzoli*, 698 F Supp 430, 437-37 (ED NY, 1998), the court held that all *Brady* material must be disclosed *upon request* by the defense, rather that at, or just before, trial. Remaining true to the language of *Brady* itself, the court adopted the reasoning of *United States v. Goldman*, 439 F Supp 337 (SD NY, 1977):

> ... we reject the blanket assertion that <u>Brady</u> imposes no pretrial obligation on ... the Government ... We perceive the due process implications of <u>Brady</u> as obligating the Government to disclose exculpatory information *as soon as the character of such information is recognized.*

*Crozzoli*, 698 F Supp at 436, quoting *Goldman*. See also *United States v. Deutsch*, 373 F Supp 289, 290 (SD NY, 1983) ("Evidence in the Government's possession favorable to the defendant should be made available to him far enough in advance of trial to allow him sufficient time for its evaluation, preparation and presentation at trial.").  A more lenient disclosure burden on the government drains *Brady* of all vitality. *United States v. Elmore*, 423 F2d 775, 779 (5th Cir., 1970).

The disclosures of exculpatory evidence or information requested by Defendant Patel should be made *immediately* so that appropriate defense preparation can be made. See ABA STANDARDS FOR CRIMINAL JUSTICE, PROSECUTION FUNCTION AND DEFENSE FUNCTION, 3-3.22(a) (3rd Ed. 1993). To make effective use of the information requested under *Brady*, it may be necessary to investigate by other means.  Defendant requests disclosure of *Brady* (exculpatory) material, as well as *Giglio* (impeaching) material immediately so that it can be meaningfully considered.

**B.    SCOPE OF *BRADY/WHITLEY* DISCLOSURE**

Defendant requests that this Court order the Government to make a thorough search for information which might suggest that defendant is not guilty of any crime alleged. *Whitley*, 514 US at 436. (Government must actively search for material evidence favorable to accused in its files and those of related agencies reasonably expected to have such information; "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); *United States v. Diaz-Munoz*, 632 F2d 1330 (5th Cir., 1980) (*Brady* requires government attorneys to inform themselves about everything that is known in all of the archives and all of the data banks of all of the agencies collecting information which could assist in the construction of alternative scenarios to that which they intend to prove at trial); *United States v. Antons*, 603 F2d 566, 569 (5th Cir., 1979) (knowledge of state law enforcement that key witness lied about source of funds for payment of lawyer should be imputed to federal agents because of

close cooperation between state and federal agencies in case). The United States can not simply conclude that the defendant is aware of all mitigating information or leads which may produce such information.

### C.   THIS COURT SHOULD ORDER IMMEDIATE DISCLOSURE OF EVIDENCE AND INFORMATION USEFUL IN IMPEACHMENT OF ALL GOVERNMENT WITNESSES.

Defendant Patel's request for immediate disclosure of exculpatory evidence or information includes "impeachment" information. *Giglio* material is a subset of *Brady* material, and requires disclosure of "evidence affecting [the] credibility" of a witness whose reliability may be dispositive of guilt or innocence. *Giglio v. United States*, 405 US 150, 154 (1972). This is self-evident, since "[t]he jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence." *United States v. Seijo*, 514 F2d 1357, 1364 (2nd Cir., 1975), quoting *Napue v. Illinois*, 360 US 264, 269 (1959); *Jones v. Jago*, 575 F2d 1164, 1168 (6th Cir., 1978) (statement of eyewitness to crime which makes no reference to the defendant's presence must be viewed as potentially powerful exculpation); *United States v. Hanna*, 55 F3d 1456 (9th Cir, 1995) (remanded to determine if a *Brady* violation occurred where the government did not give the defense a police report that was inconsistent with trial testimony).

The Supreme Court sees no difference between exculpatory and impeachment evidence under *Brady*. *Whitley*, 514 US 419, 434; *Giglio v. United States*, 405 US 150 (1972) (*Brady* doctrine applies to testimonial impeachment information); *United States v. Bagley*, 473 US 667, 676 (1985). Such evidence may make the difference between conviction and acquittal. See *Napue v. Illinois*, 360 US 264 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

The prosecution has a duty then to disclose any favorable evidence that could be used at trial, and a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Maryland*, 386 US 66, 74 (1967); *Bowen v. Maynard*, 799 F2d 593 (10th Cir., 1986) (information concerning an alternative suspect in the files of the Oklahoma City Police Department, and known to the prosecuting attorneys, when combined with other information which was available upon inquiry of authorities in South Carolina, where that suspect lived, was sufficient to create a reasonable doubt about the eyewitness testimony supporting the verdict; in the hand of the defense, it could have been used to uncover other leads and defense theories and to discredit the police investigation of the murders).

"Favorable" evidence, as Defendant uses that phrase here, need not necessarily be competent evidence or evidence admissible at trial. See *United States v. Gleason*, 265 F Supp 850, 886 (SD NY, 1967), cert.den. 409 US 888 (1972); *Sellers v. Estelle*, 651 F2d 1074, 1977 n.6 (5th Cir., 1981) (evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence).

## III.   CONCLUSION

For the reasons stated, Defendant Vinod Patel, in accordance with *Brady v. Maryland*, 373 US 83, 87 (1963), *Giglio v. United States*, 405 US 150 (1972), and *Kyles v. Whitley*, 514 US 419, 434 (1995), asks this Court to enter an order requiring the Government to disclose all information helpful to Defendant Patel on the issues of guilt or punishment.

<div style="margin-left:40%">

Respectfully Submitted,

s/ Richard M. Beuke
Richard M. Beuke & Associates
115 W. 55th St., Suite 400
Clarendon Hills, IL 60514
(312) 427-3050

</div>

Email: richardbeuke@gmail.com
Attorney Bar Number:  3126841 (IL)