UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-36 VINOD PATEL,

        Defendant.
_____/

No. 11-CR-20468

Hon. Arthur Tarnow

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE OR, IN THE ALTERNATIVE, TO SEVER

      Defendant Vinod Patel moves this Court to continue the trial in this matter for at least one month, or, in the alternative, to sever him for a trial at a later date. The basis for this motion is a scheduling conflict Patel's new attorneys have with a previously-scheduled murder trial in state court in Illinois, set to begin on February 18. The United States respectfully opposes this motion, and does so for the following reasons.

      First, defendant Patel elected to substitute counsel very late in the process, and it was never especially realistic for his current attorneys to try both this case

1

and the Chicago murder trial set for February 18. As of the December 5 status conference, there were still six defendants remaining; a trial beginning on January 6 could easily have taken five or six weeks, leaving counsel with little to no time to prepare for their February 18 trial in Chicago. While defendants have a right to counsel of their choice, there are limitations on that right, and the right must be weighed against the interest of the government and the public in a timely and efficient trial process. *See, e.g.*, *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999) (when considering motions for substitution of counsel, "a reviewing court takes several factors into account: timeliness of the motion; adequacy of the district court's inquiry into the matter; the extent of the conflict between the attorney and client and whether it resulted in a total lack of communication; and a balancing of these factors with the public's interest in the prompt and efficient administration of justice.") Given the schedules of the four other defense counsel and the Court, it is not possible for the trial to be continued for a mere 30 days, as defense counsel requests. The trial would have to be continued until at least the summer of 2014, which is a substantial and fundamentally unjustified delay. Under these circumstances, the government submits that defendant Patel should find a new attorney or attorneys who can try the case on the presently-scheduled date.

Second, it is hardly impossible for a new attorney to come in and get up to speed on the case against Vinod Patel in time to try the case effectively on February 6, 2014.  The government's case against Vinod Patel is discrete and can certainly be mastered in the time between the present and February 6.  Indeed, Vinod Patel felt comfortable substituting new counsel in less than a month from the original trial date; he could certainly take the same opportunity to substitute in another attorney who does not have a conflict with the present trial date.   Counsel for the government will gladly meet with Vinod Patel's counsel and provide an overview of the proofs and evidence it intends to introduce against Vinod Patel at trial, and otherwise assist Patel's new counsel in understanding the nature of the case against his or her client.

Finally, severance is not necessary or appropriate in this instance.  This case has already occupied substantial resources on the part of both the government and the Court.  We are approaching the third trial in this matter, and there is no justification for a fourth.  Severance in conspiracy cases is strongly disfavored in the case law, and courts have repeatedly recognized the dominant public interest in joint trials, as well as the benefits to judicial economy and efficiency in trying co-conspirators together.  "Joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of a crime to trial."  *United States v. Lane*, 474 U.S. 438, 448 (1986).   The government

submits that these considerations can be best honored in this instance by trying Vinod Patel with his co-defendants, and ordering him to substitute with available counsel by January 6, 2014 in anticipation of the February 6 trial date in this matter.

## CONCLUSION

For the foregoing reasons, the United States requests that defendant's Motion be denied.

Respectfully Submitted,

BARBARA L. MCQUADE
*United States Attorney*

/s/ John K. Neal
JOHN K. NEAL
*Assistant United States Attorney*
*United States Attorney's Office*
*Eastern District of Michigan*
*211 W. Fort Street, Ste. 2001*
*Detroit, MI 48226*
*(313) 226-9644*
*John.Neal@usdoj.gov*

/s/Wayne F. Pratt
WAYNE F. PRATT
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Ste. 2001*
*Detroit, MI 48226*
*(313) 226-9583*

CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2013, I served a copy of the foregoing upon all counsel of record via the court's electronic CM/ECF system.

/s John K. Neal