UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,           CRIMINAL NO. 11-CR-20468

-vs-

                                     HONORABLE: ARTHUR J. TARNOW

D-36 VINOD PATEL,

                  Defendant.

_____/

MEMORANDUM OF LAW REGARDING
ADMISSIBILITY OF THREAT EVIDENCE

Spoliation evidence, including evidence that the defendant threatened a witness, is admissible to show consciousness of guilt. *United States v. Mendez-Ortiz,* 810 F.2d 76, 69 (6th Cir 1986)(collecting cases). The evidence shows "his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the lack itself of the cause's lack of truth and merit." *Id.,* quoting II Wigmore, Evidence, section 278 (Chadbourn Rev. 1979).

In an unbroken string of published opinions, the Sixth Circuit affirmed the admission of evidence that the defendant threatened a witness. E.g., *United States v. Fortson,* 194 F.3d 730, 737 (6th Cir 1999)(such evidence is "generally admissible"); *United States v. Maddox,* 944 F.2d 1223, 1230 (6th Cir 1991); *United*

1

*States v. Paulson,* 655 F.3d 492, 508-510 (6th Cir 2011); *United States v.*

*Blackwell,* 459 F.3d 739, 767-768 (6th Cir 2006).  Cf. *United States v. Copeland,*

321 F.3d 582, 597-599 (6th Cir 2003)(threats to prosecutor not spoliation evidence,

since it does not destroy evidence).

The threat does not have to be free from all ambiguity to be admissible.  In

*United States v. Blackwell,* 459 F.3d 739, 767-768 (6th Cir 2006), the defendant

silently mouthed "I hate you" while the witness was testifying at trial.  The witness

was allowed to testify that this was a threat.  In this case, any possible ambiguity

created by combining the highlighted threat with the admonishment to "tell the

truth" does not make it inadmissible.

The court must determine under Federal Rule of Evidence 403 whether the

probative value of the evidence is "substantially" outweighed by the danger of

unfair prejudice.  This does not mean "the damage to the defendant's case that

results from the legitimate probative force of the evidence," but evidence that

suggests a decision on an improper basis.  *United States v. Mendez-Ortiz, 810 F.2d*

*at 79.*  The *Mendez-Ortiz* court found testimony of a threat and a bribe to be highly

probative of guilt and not inflammatory, presenting "little danger" of unfair

prejudice.  *Id.*

The defendant opened the door to this evidence by introducing evidence of

his supposed "consciousness of innocence."  During cross-examination of Douglas

2

Carmack, the defense elicited testimony that the defendant voluntarily returned

from India to face these charges.  TFO Carmack arrested defendant Vinod Patel at

the airport when he returned from India, as arranged with defense counsel.  The

defendant wants the jury to believe that he knew he was innocent and voluntarily

returned to clear his name.  The threat evidence rebuts this evidence and shows that

the defendant knows he is guilty.  It would be unfair to the jury to deprive them of

this contrary evidence of the defendant's consciousness of guilt.

The threat evidence is also relevant to the credibility of Atul Patel.  The

witness will be cross-examined extensively about the benefits of his cooperation

agreement.  One of the disadvantages of a cooperation agreement is being

threatened by the defendant.  It would be unfair to the jury to leave them with the

false impression that cooperation agreements have only benefits, not

disadvantages.

The government does not oppose a limiting instruction, either when the

evidence is admitted or at the close of the case.  Although the instruction can be

worked out between counsel, generally, the jury should be told that the defendant

is not on trial for witness intimidation.  The evidence is not being admitted to

suggest that the defendant has bad character.  The evidence is admissible only to

show consciousness of guilt and help assess the benefits and disadvantages of Atul

Patel's plea agreement.

3

Respectfully Submitted,


BARBARA L. MCQUADE
UNITED STATES ATTORNEY


/s/ Wayne F. Pratt
WAYNE F. PRATT
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-2621

/s/ John K. Neal
JOHN K. NEAL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9644