UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHRN DIVISION

UNITED STATES OF AMERICA,         )
          Plaintiff,            )
    v.                            )   Case No. 11-cr-20468
                              )   Judge Arthur J. Tarnow
VINOD PATEL,                      )
          Defendant.            )

FILED
JUL 29 2014
CLERK'S OFFICE
DETROIT

## MOTION TO SUPPLEMENT PENDING MOTION FOR NEW TRIAL

    Now comes the Defendant Vinod Patel, ("Patel") acting pro se and respectfully moves the Court for leave to supplement his pending motion for a new trial. Defendant Patel will supplement his motion for a new trial with the following ineffective assistance of counsel claims and stated the following:

    1.    On July 24, 2014, Patel mailed a Motion For A New Trial to the Clerk of the United States District Court for the Eastern District of Michigan to be filed in this case. Patel now seeks to supplement said motion with the following claim:

### SUPPLEMENTAL CLAIM IN SUPPORT OF MOTION FOR NEW TRIAL

    Trial counsel was ineffective for failing to file a motion to suppress the fruits of unlawfully intercepted wire communications that the Government presented at trial to support its case against Vinod Patel.

1.

## FACTS THAT SUPPORTS SUPPLEMENTAL CLAIM FOR NEW TRIAL

Trial counsel Mr. Richard Beuke knew well in advance of trial that the Government planned to introduce into evidence phone calls between some of the defendant's acquired during the interception of wire communications by government agents.

If Mr. Beuke would have investigated the intercepted wire communications and the manner in which they were obtained by government agents he would have discovered that there existed grounds to file a motion to suppress all intercepted phone calls the government intended to introduce as evidence at trial. An investigation of the affidavits supporting the applications for wire tap orders provides strong evidence that normal investigation techniques and methods employed by government agents had worked exceptionally well and that interception of wire communications were not necessary. Additionally the Government employed civilian monitors even though the court orders only authorized special agents of the Drug Enforcement Agency to conduct surveillance. And most damageing to defendant Vinod Patel is that the civilian monitors minimized less than 1% of the calls and recorded the entirety of all attorney-client calls that were stored in system that all agents and prosecutors in this case had access to and no doubt listened to every single attorney-client call at will. In the face of this evidence trial counsel Mr. Beuke did not file a motion to suppress the recorded phone calls.

After trial Mr. Beuke communicated to defendant Vinod Patel

that "In speaking with the jurors afterwards, they indicated that the phone conversations was the evidence they relied on primarily to convict". Here Mr Beuke was ineffective for not throughly investigating the intercepted wire communications and for not filing a motion to suppress all intercepted calls. By failing to raise an objection below Mr. Beuke failed to preserve the issue on direct appeal.

## CONCLUSION

Wherefore Vinod Patel prays the Court will grant leave to supplement his pending motion for a new trial and further to grant a new trial based on ineffective assistance of counsel; or in the alternative order that an evidentiary hearin be conducted into this matter.

Respectfully submitted

*/s/ Vinod Patel*
Vinod Patel
Defendant pro se

P.O. Box 1000
Milan, Michigan. 48160

⇔46049-039⇔
The Clerk Office Of
U.S. District Court
231 W Lafayette BLVD
Fifth Floor
Detroit, MI 48226
United States





Metroplex MI 480 ZIP
MON 28 JUL 2014

⇔46049-039⇔
The Clerk Office Of
U.S. District Court
231 W Lafayette BLVD
Fifth Floor
Detroit, MI 48226
United States