UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

No. 11-CR-20468

Hon. Arthur Tarnow

v.

D-36 VINOD PATEL,

         Defendant.
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT VINOD PATEL'S MOTION FOR ENTRY OF JUDGMENT OF ACQUITTAL AND, IN THE ALTERNATIVE, FOR A NEW TRIAL

The United States of America, by and through its attorneys, hereby opposes the motion of defendant Vinod Patel for entry of a judgment of acquittal, as well his alternative motion for a new trial. The evidence presented against Vinod Patel was overwhelming, and more than survives any challenge pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The bulk of defendant's motion is dedicated to attacking the credibility of the government's witnesses; such credibility judgments are the province of the jury, and are not appropriately considered by the Court in the Rule 29 context. There was also no manifest

1

injustice worked by defendant's conviction, and therefore no necessity for a new trial. Indeed, it would have been an injustice had he been acquitted, given the overwhelming nature of the evidence of guilt. Finally, defendant's motions are untimely. For all of these reasons, the motions should be denied.

A. Rule 29 Motion

Pursuant to Rule 29(c)(2) of the Federal Rules of Criminal Procedure, a trial court may set aside a jury conviction only if a reasonable trier of fact could not fairly find the defendant guilty, viewing the evidence in a light most favorable to the government. See *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Conaster*, 514 F.3d 508, 518 (6th Cir. 2008). Defendants "bear a heavy burden when asserting insufficiency of the evidence arguments." *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010). "Circumstantial evidence alone is sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999) (cited in Wettstain, 618 F.3d at 583). In the Rule 29 context, "the court must refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Donaldson*, 52 Fed. Appx. 700, 706 (6th Cir. 2002). The granting of judgments of acquittal should be limited to cases where "the prosecution's failure is clear." *Id*. (internal quotation marks and citation omitted). For a reviewing court, "All reasonable inferences must be

drawn in favor of the jury's verdict." *Conaster*, 514 F.3d at 518.

Defendant Patel's Rule 29 motion attacks the credibility of the government's witnesses, and also cites points in their testimony can be construed as favorable to the defense. However, as cited above, matters such as the credibility of witnesses or whether there are other potential explanations for the evidence are not appropriate considerations for a reviewing court. What the Court must consider is whether a reasonable trier of fact could find the defendant guilty, based on the evidence presented at trial. In this case, the answer is yes, because the evidence presented against Vinod Patel was direct, specific, and overwhelming. Without recounting the proceeding in detail, and without attempting to be comprehensive, the government notes the following pieces of evidence that were admitted at the trial:

- Atul Patel testified that he saw Vinod Patel hand a doctor cash, and that he discussed with Vinod Patel the fact that the cash was in exchange for illegal home health referrals. Atul Patel, 7-14-14, TR at 13-14. Atul Patel witnessed Vinod Patel refuse to call the police on a marketer who was stealing money from Vinod Patel's home health company, because Vinod Patel told him that the marketer "knows everything about us and it is dangerous." Atul Patel, 7-14-14, TR 20:18-19. Atul Patel was sent to Flint to recruit patients for Bob Patel's Pharmacies and Vinod Patel's home health

agency. Atul Patel and a co-conspirator recruited purportedly "homebound" patients on the streets of Flint; Vinod Patel warned Atul Patel to be careful, because the people were not homebound (as required) but were nonetheless being billed for home health services through Vinod's home health company. Atul Patel, 7-14-14, TR 35:20-25. Atul Patel brought the home health patients he recruited to complicit doctors, who would write them prescriptions for home health referrals and prescriptions for controlled substances. Vinod Patel directed Atul Patel as to which doctor to use; if the doctor did not write controlled substance prescriptions, Vinod Patel would find a new doctor, because controlled substances were what the patients wanted. Atul Patel, 7-14-14, TR 36-38. Atul Patel noted that many prescriptions for the patients were billed but not dispensed; when he discussed this practice with Vinod Patel, Vinod Patel explained that this process "was how Bob Patel makes money." Atul Patel, 7-14-14, TR 46:18. Vinod Patel later opened a pharmacy with Atul Patel, and directed Atul Patel to engage in a scheme of billing and not dispensing medication. Atul Patel, 7-14-14, TR 69:1-2.

- Ramesh Patel, a co-owner with Babubhai Patel and Vinod Patel of First Michigan Home Health Care, testified that Vinod Patel routinely paid kickbacks to marketers in exchange for patient referrals in the early days of

the home health operation. Ramesh Patel, 7-14-14, TR 86-87. Later, Vinod Patel began paying physicians cash kickbacks in exchange for home health care referrals. Ramesh Patel, 7-14-14, TR 884:25. A list from the Medicare data of the top referring physicians to First Michigan was introduced into evidence, and Ramesh Patel acknowledged that Vinod Patel paid kickbacks to a number of those physicians – a fact Vinod Patel discussed with Ramesh Patel. Ramesh Patel, 7-14-14, TR 93-97. When Vinod Patel became less involved in the day-to-day management of First Michigan Home Health Care in late 2010 and into 2011, Ramesh Patel picked up Vinod's duties, which included bribing physicians for referrals. Ramesh Patel, 7-14-14, TR 105-107.

- Pradeep Pandya, a pharmacist, testified that Vinod Patel instructed him to engage in a practice of billing but not dispensing medications. Pradeep Pandya, 7-15-14, TR 68:15-19. When Pandya expressed concern about doing this, Vinod Patel threatened him. Pradeep Pandya, 7-15-14, TR 68 20-25; 69:1-15. Pandya ultimately did as Vinod Patel asked. Pradeep Pandya, 7-15-14, TR 70-71.

- Hiren Patel, another pharmacist, testified that he engaged in a practice of billing but not dispensing medications for patients Atul Patel recruited in Flint for First Michigan. Hiren Patel, 7-16-14, TR 68-69. Vinod Patel was

5

fully aware of that fact. Hiren Patel, 7-16-14, TR 68-69. On one occasion, Hiren Patel received a complaint from a patient's insurer about medication the patient had never received. Vinod Patel and Hiren Patel, along with a marketer, approached the patient, paid the patient $50, and asked him to withdraw his complaint. Hiren Patel, 7-16-14, TR 72-74.

The testimony described above was hardly the only evidence presented at trial that incriminated Vinod Patel in conspiracies to commit health care fraud and to pay health care kickbacks. But it is more than sufficient to overcome a Rule 29 challenge to either charge. The testimony cited above implicating Vinod Patel was direct, went straight to the elements of the offenses, and came from multiple sources. A reasonable jury could, and did, convict Vinod Patel of the charged offenses, and that verdict should not be disturbed.

Motion for a New Trial

A district court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Defendant's motion for a new trial argues that the court erred in precluding examination about the fact that government witnesses had not been polygraphed, and about the fact that defendant's bond was revoked during the trial.

Neither of these rulings by the Court were incorrect, much less the sort of manifest injustice that necessitate a new trial. Results of polygraph examinations

are generally inadmissible in this Circuit. *See King v. Trippett*, 192 F.3d 517, 522 (6th Cir. 1999); *United States v. Scarborough*, 43 F.3d 1021, 1026 (6th Cir. 1994) (polygraph evidence "inherently unreliable"). Inquiry into whether a defendant had taken a polygraph is "only marginally relevant at best on the issue of credibility," and therefore may be appropriately excluded. *United States v. Harris*, 43 F.3d 493, 502 (6th Cir. 1994). The Court did not err in excluding inquiry into whether polygraph examinations had been administered to government witnesses, given that any results would be inadmissible and that such inquiry would have invited improper speculation by the jury.

On the issue of bond, the government provided competent evidence that defendant threatened a witness for the government during the proceeding. This issue was fully argued and briefed, and the Court properly maintained its position that bond should be revoked. The Court's decision was substantively correct, and therefore cannot form the basis for a new trial.

<u>Timeliness</u>

Motions for judgments of acquittal and motions for a new trial (other than those based on newly discovered evidence) must be filed within 14 days of a guilty verdict. *See* Fed. R. Crim. P. 29(c)(1), 33(b)(2). Defendant Vinod Patel was convicted on July 18, 2014. The government agreed to extend the time for filing post-trial motions on several occasions, with the final such date falling on

September 12, 2014. *See* Dkt. Entry 1236. Defendant's filing was submitted on October 23, 2014, well after the deadline had passed. The deadline in Rule 33 is "admittedly inflexible," but not jurisdictional. *See Eberhardt v. United States*, 546 U.S. 12, 19 (2005). While the government submits that there are more than adequate grounds to deny the defendant's motion even if it had been timely filed, the government notes that lack of timeliness is yet one more basis for the Court to deny defendant Vinod Patel's motions.

Conclusion

For the foregoing reasons, the United States requests that defendants' Motions be denied.

Respectfully Submitted,

BARBARA L. MCQUADE
*United States Attorney*

/s/ John K. Neal
JOHN K. NEAL
*Assistant United States Attorney*
*United States Attorney's Office*
*Eastern District of Michigan*
*211 W. Fort Street, Ste. 2001*
*Detroit, MI 48226*
*(313) 226-9644*
*John.Neal@usdoj.gov*

/s/Wayne F. Pratt
WAYNE F. PRATT
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Ste. 2001*

*Detroit, MI 48226*
*(313) 226-9583*

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2014, I served a copy of the foregoing upon all counsel of record via the court's electronic CM/ECF system.

/s John K. Neal