UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
PLAINTIFF,

CASE #: 11-CR-20468

vs.

HON. ARTHUR J. TARNOW

VINOD PATEL, D-36
DEFENDANT.

| AUSA Wayne F. Pratt | Richard M. Beuke |
| AUSA John K. Neal | Timothy M. Black |
| U.S. Attorney's Office | Counsel for Defendant Vinod Patel |
| 211 W. Fort Street, Suite 2001 | 115 W. 55th Street, Suite 400 |
| Detroit, MI 48226 | Chicago, IL 60514 |
| (313) 226-2548 | (312) 427-3050 |

REPLY IN SUPPORT OF DEFENDANT VINOD PATEL'S RULE 29 MOTION FOR ENTRY OF
JUDGMENT OF ACQUITTAL AND, IN THE ALTERNATIVE, RULE 33 MOTION FOR NEW TRIAL

Defendant Vinod Patel, by and through his attorneys Richard M. Beuke and Timothy M.

Black, in support of his Rule 29 Motion for Entry of Judgment of Acquittal and, in the alternative,

Rule 33 Motion for New Trial (R1290), and in reply to the Government's Response in Opposition

(R1311), moves this Honorable Court to enter a Judgment of Acquittal on his behalf pursuant to

Federal Rule of Criminal Procedure 29, or in the alternative, to order a new trial pursuant to Federal

Rule of Criminal Procedure 33.  *See* FED. R. CRIM. P. 29; *see also*, FED R. CRIM. P. 33.

I.    **Rule 29 Motion**

The Government, in their Response in Opposition to the Defendant's Rule 29 Motion,

accurately cites the Court's limited role in judging the credibility of witnesses whose credibility has

already been judged by the jury.  (R1311).  In this case, however, even assuming the testimony of

the witnesses was credible, which it was not, the evidence adduced at trial nonetheless warrants a

judgment of acquittal.  The testimony of the witnesses and the scant evidence adduced at trial show,

at best, the guilt of the witnesses and their leader, Babubhai Patel.  The evidence presented against

Vinod Patel was not "direct, specific, and overwhelming," as the Government insists.  (R1311).

Instead, it was indirect, vague, and wholly circumstantial.  The sufficiency of the evidence, without

any consideration of the lack of credibility of the witnesses, was insufficient to prove the

Defendant's guilt beyond a reasonable doubt.  It is due to the lack of evidence of guilt, as noted in

the Defendant's Rule 29 Motion for Judgment of Acquittal, that this Court should grant the

Defendant's Motion and enter a Judgment of Acquittal in his favor.

## II.   MOTION FOR NEW TRIAL

Similarly, the Government is correct in stating that "[a] district court may grant a new trial

'if the interest of justice so requires.'" (R1311 at 6 (*quoting* Fed. R. Crim. P. 33(a))).  Contrary to

the Government's position, however, this Court's preclusion of testimony about the Government's

agreements with their witnesses and this Court's revocation of the Defendant's bond were manifestly

unjust, and thus a new trial should be granted to the Defendant.

The Court erred in precluding testimony about the Government's agreements with their

witnesses.  While the Government's position about the admissibility of polygraph results is well-

researched, the injustice to the Defendant came at this Court's denial of inquiry into the contents of

the Government's Cooperation Agreements with Atul Patel and Pradeep Pandya, not the results of

polygraph examinations that were never even administered.  The admissibility of polygraph evidence

in the abstract is irrelevant to the issue in this case.  The issue is the Defendant's right to confront

witnesses that testify against him.  The Defendant is afforded wide latitude to explore the motive and

bias of the witnesses the government brings to testify against him.  *See United States v. Holden*, 557

F.3d 698, 704 (6th Cir. 2009) (citing *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974)).  A classic line

of cross examination designed to explore those motives and bias is a dissection of the witness's

agreements with the Government. *Id.* It is the fact that Atul Patel and Pradeep Pandya agreed to take the polygraph that is relevant and admissible in this case, not whether they passed a polygraph test. The fact that the Government uses unreliable and inadmissible tests to lure defendants into testifying on their behalf should not preclude those defendants that do not come to an agreement with the Government from exploring the psyche of their accusers. *See United States v. Lynn*, 856 F.2d 430, 433-34 (1st Cir. 1988) citing *United States v. Brown,* 720 F.2d 1059, 1073 (9th Cir.1983) ("we cannot ignore the government's tactic of drafting the plea agreement with the polygraph requirement clause, revealing the entire agreement to the jury (and thereby implying the witness' motivation to tell the truth), then objecting to defense attempts to expose the full implications of the clause."). By denying the Defendant the opportunity to explore such ripe lines of cross examination, this Court deprived him of his constitutional right to confront his accusers. It was such injustice that was manifest in this case, and which entitles the Defendant to a new trial.

### III.   TIMELINESS

Finally, the Government objects to the Defendant's post-trial motion on the grounds that it was untimely filed. The verdict in this case was submitted on July 18 ,2014. (R1224). Within six days, the Defendant mailed a *pro se* Motion for New Trial to the Court for filing and to his attorney's office, although for unknown reasons a copy of the Motion never reached the Court and it was never filed. Five days later, on July 29, 2014, the Defendant filed a *pro se* Motion to Supplement Pending Motion for New Trial. (R1226). Both post trial motions alleged ineffective assistance of counsel. The next day, counsel for the Defendant reached an agreement with the Government to extend the deadline for filing of post-trial motions from August 1 to August 22, 2014, due to the uncertainty that was created by the Defendant's *pro se* motions. That Stipulated Order was granted on August 1. (R1230).

On August 7, 2014, the Defendant, again *pro se*, filed Defendant's Motion to Dismiss Pending Motion to Supplement Pending Motion for New Trial, wherein he sought dismissal of the previously-filed motions for new trial. (R1232). Still unclear about their status with respect to the Defendant, defense counsel sought an additional extension of time to file post-trial motions, to which the Government agreed. A Stipulated Order was again signed by this Court on August 21, extending the deadline for filing of post-trial motions to September 12. (R1236).

On August 22, counsel for the Defendant filed a Motion to Withdraw as attorney of record (R1237), a hearing was set, and the matter was ultimately heard and decided on October 10, 2014. Within fourteen days of the ruling that counsel for the Defendant would not be allowed to withdraw from this case, the Defendant filed his Rule 29 Motion for Entry of Judgment of Acquittal and, in the alternative, Rule 33 Motion for New Trial. (R1290).

Although that Motion was not filed by the stipulated deadline, it was filed within a reasonable time of this Court's determination of defense counsel's status in this case. The flexibility that the Court is allowed to exercise should be used in a case like this. The "untimeliness" was only the result of the unclear status of defense counsel, and was not used to delay the proceedings in this case. Similarly, the delay in filing the post-trial motions in this case did not prejudice the Government in any way considering the Defendant was already in the custody of the Bureau of Prisons.

## IV.    CONCLUSION AND REQUEST FOR RELIEF

For all of the foregoing reasons, and all of the reasons set forth in the Defendant's Rule 29 Motion for Entry of Judgment of Acquittal and, in the alternative, Rule 33 Motion for New Trial, this Court should grant the Defendant's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29, and order that a Judgment of Acquittal be entered as to both counts of

conviction.  In the alternative, this Court should grant the Defendant's Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33.

                                        Respectfully Submitted,

                                        s/Richard M. Beuke
                                        s/Timothy M. Black
                                        115 W. 55th St., Suite 400
                                        Clarendon Hills, IL 60514
                                        richardbeuke@gmail.com
                                        timothyblack@gmail.com
                                        (312) 427-3050
                                        Attorneys for Defendant Vinod Patel

### Certificate of Service

I hereby certify that on December 16, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                        s/ Timothy M. Black (6312365 - IL)
                                        115 W. 55th St., Suite 400
                                        Clarendon Hills, IL 60514
                                        (312) 427-3050
                                        email: timothyblack@gmail.com