UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

VINOD PATEL,

                Defendant.

_____/

Case No.  11-20468-36

HONORABLE ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

HONORABLE MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**ORDER DENYING DEFENDANT'S MOTION
FOR NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [1290]**

Before the Court is Defendant's Motion for New Trial and for Judgment of Acquittal [1290], the Government's Response [1311], and Defendant's Reply [1346]. Although Defendant's Motion [1290] is untimely, out of an abundance of caution, the Court will consider its merits.  For the reasons that follow, Defendant's Motion for New Trial and for Judgment of Acquittal [1290] are **DENIED**.

After trial, a jury found Defendant guilty of under Count 1 of the Superseding Indictment [737]: attempt and conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and under Count 21 of the Superseding Indictment [737]: conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  During the second day of trial the Court granted the Government's oral motion to revoke bond because Defendant had intimidated a Government witness the night before. Counsel argued the motion outside of the presence of the jury.  The Court took the necessary precautions

during the rest of trial to ensure that the jury did not learn of Defendant's alleged witness intimidation or the revocation of his bond.

Defendant now argues that the Government did not produce evidence supporting all of the elements of either charge against him to sustain a conviction beyond a reasonable doubt. Defendant, therefore, moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Federal Rule of Criminal Procedure 29(c)(2) allows a court to set aside a jury's guilty verdict and enter an acquittal if, after viewing the evidence in the light most favorable to the prosecution, the court determines *no* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To reverse, the Court must determine that the verdict is not supported by "substantial and competent evidence" on the record as a whole. *United States v. Grubbs*, 506 F.3d 434, 438 (6th Cir. 2007). The court must refrain from independently judging the credibility of witnesses or weight of the evidence. *United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996). The Court must examine the evidence in the light most favorable to the verdict. *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008).

As to Count 1 of the Superseding Indictment [737], to survive this Motion [1290] the Government must have shown beyond a reasonable doubt that Defendant conspired to "(1) knowingly devised a scheme or artifice to defraud a health care

benefit program in connection with the delivery of or payment for health care benefits, items, or services; (2) executed or attempted to execute this scheme or artifice to defraud; and (3) acted with intent to defraud." *United States v. Hunt*, 521 F.3d 636, 645 (6th Cir. 2008); 18 U.S.C. §§ 1347, 1349.

As to Count 21 of the Superseding Indictment [737], to survive this Motion [1290] the Government must have shown beyond a reasonable doubt that Defendant conspired to knowingly and willfully solicit or receive remuneration directly or indirectly, overtly or covertly in return for referring an individual to a person for the furnishing any item or service for which payment may be made under a Federal health care program or in return for purchasing, leasing, or ordering any good, facility, or service for which payment may be made in whole or in part under a Federal health care program; or that Defendant conspired to knowingly and willfully offer or pay any remuneration directly or indirectly, overtly or covertly, in cash to any person to induce such person to refer an individual to a person for furnishing any item or service for which payment may be made in whole or in part under a Federal health care program, or to purchase, lease, or order any good, facility, or service for which payment may be made in whole or in part under a Federal health care program.  18 U.S.C. § 371; 42 U.S.C. § 1320a-7b(b).

During trial, the Government put a witness on the stand who testified that he was a marketer in the fraud scheme.  The witness testified that he saw Defendant hand

cash to a doctor and that the witness discussed with Defendant that the cash was for illegal home health referrals.  The Government witness also testified that Defendant refused to call the police on a marketer[1] who stole money from Defendant's business because the marketer "knows everything about us and it is dangerous."   The Government witness himself testified that he recruited patients for Defendant's home healthcare company in Flint.  Legitimate patients of home healthcare companies must be homebound.  The witness testified, however, that he was recruiting patients who were not homebound, but whose insurance Defendant billed for home health care after co-conspiring doctors wrote fraudulent prescriptions.  The witness testified that he discussed with Defendant how many prescriptions were not actually dispensed to the patients.  The witness testified that Defendant explained that this process of retaining the prescriptions for street sale "was how [lead-conspirator] Bob Patel makes money."

A second Government witness testified that he was a pharmacist in the conspiracy.  This witness testified that Defendant instructed him to bill for prescriptions, but not to dispense the medications.  When the witness expressed concern about doing this, Defendant threatened him.

A third Government witness also testified that he was a pharmacist in the conspiracy.  This witness also testified that he engaged in the practice of billing for,

---

[1] In a healthcare fraud scheme, a marketer is a person who recruits patients who have insurance coverage for the medical providers.  The Government put on evidence that many of the patients recruited in the scheme underlying this case were covered under Medicaid.

but not dispensing prescription medication to patients that the first witness recruited. This witness also testified that he received and alerted Defendant about a complaint from an insurer that a patient had not received the medication the insurer had covered. The witness testified that he, Defendant, and a marketer approached the patient and paid him $50.00 to withdraw the complaint.

During trial, the Government put on a fourth witness who testified that he was a co-conspirator in the healthcare fraudulent scheme.   This witness testified that Defendant routinely paid kickbacks to marketers in exchange for patient referrals during the early part of the scheme.  This witness also testified that Defendant began paying kickbacks to doctors.  This witness testified that he took over some of Defendant's duties as the scheme went on and those duties included paying bribes to doctors.

Although the Government put on other evidence in support of Count 1, viewing this evidence described in this Order alone in the light most favorable to the jury's guilty verdict, the Court concludes that a rational trier of fact could find Defendant guilty of each element of conspiracy to commit health care fraud.  Namely, that Defendant knowingly devised a scheme to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services; executed the scheme; and acted with intent to defraud." *Hunt*, 521 F.3d at 645.

Although the Government put on other evidence in support of Count 21, viewing the evidence described in this Order alone in the light most favorable to the jury's guilty verdict, the Court concludes that a rational trier of fact could find Defendant guilty of each element of conspiracy to defraud the United States. Namely, that Defendant conspired to knowingly solicit or receive remuneration directly or indirectly, overtly or covertly in return for referring an individual to a person for the furnishing any item or service for which payment may be made under a Federal health care program or in return for purchasing, leasing, or ordering any good, facility, or service for which payment may be made in whole or in part under a Federal health care program; or that Defendant conspired to knowingly and willfully offer or pay any remuneration directly or indirectly, overtly or covertly, in cash to any person to induce such person to refer an individual to a person for furnishing any item or service for which payment may be made in whole or in part under a Federal health care program, or to purchase, lease, or order any good, facility, or service for which payment may be made in whole or in part under a Federal health care program.

Defendant alternatively moves for a new trial pursuant to Federal Rule Criminal Procedure 33. Rule 33(a) allows a Court to order a new trial for any reason justice so requires. Defendant argues that justice requires that he get a new trial due to several errors the Court committed before and during trial. Specifically, Defendant argues that the Court erred in denying his Motion to Sever Movants for Trial [1035].

6/7

Defendant also argues that the Court erred in overruling several unspecified objections during trial. In light of the overwhelming evidence of Defendant's guilt, the Court does not find that justice requires Defendant get a new trial.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for New Trial and for Judgment of Acquittal [1290] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 27, 2015                     Senior United States District Judge