UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **VINOD PATEL**, <br><br> Defendant. | 2:11-CR-20468-TGB-MKM <br> HON. TERRENCE G. BERG <br><br><br> **ORDER DENYING MOTION TO VACATE SENTENCE (ECF NO. 1681)** |

Petitioner Vinod Patel was convicted by a jury of health care fraud Conspiracy in violation of 18 U.S.C. § 1349 and conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371. The then-presiding judge, the late Honorable Arthur J. Tarnow, sentenced Patel to 78 months in custody. After an appeal, that term was reduced to 73 months. Patel, who has completed his sentence and is no longer in custody, moves to vacate his sentence under 28 U.S.C. § 2255.[1] Patel raises seven grounds upon which his argues that his sentence was imposed in violation of the United States Constitution. Most of these

---

[1] Motions under § 2255 may only be brought by a prisoner who is "in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255. It appears that Patel was on supervised release when he filed his motion, and as such was "in custody" for purposes of § 2255. *United States v. Zack*, 173 F.3d 431 (6th Cir. 1999). And although Patel's term of supervised release has since ended, that does not moot his petition. *Id.*

1

grounds are premised on the argument that various lawyers rendered ineffective assistance to Patel. The first three grounds relate to the jury instructions issued at Patel's trial. The fourth ground relates to whether Patel's resentencing judge applied the correct standard when determining the amount of loss for which Patel was responsible. The fifth ground is that Vinod Patel's trial counsel failed to call as a witness Vinod's brother and codefendant, Babubhai Patel. The sixth ground is that Vinod's pretrial counsel failed to sufficiently investigate the possibility that a prescription drug wholesaler was, in whole or in part, responsible for the misconduct attributed to Vinod Patel and his codefendants. Patel's seventh and final ground is that prosecutors withheld exculpatory evidence related to that same drug wholesaler. For the reasons explained below, the various grounds Patel raises lack merit, and his motion will be denied.

## I. BACKGROUND

On direct appeal from Patel's conviction and sentence, the Sixth Circuit summarized the factual background of this case in pertinent part:

> Vinod Patel and his brother Babubhai Patel owned First Michigan Home Health Care ("First Michigan"), a company that purported to provide health services for homebound individuals. In reality, First Michigan defrauded Medicare, Medicaid, and health insurance companies by billing for, but not dispensing, prescription drugs and by submitting home-health-care claims that

2

> were based on kickbacks or services that were medically unnecessary.
>
> [Vinod] Patel added patients through referrals from physicians and paid the physicians kickbacks in return. Patel also hired marketers to find people with Medicare coverage and offered those people prescription drugs, such as Vicodin, Soma, and Xanax, if they would meet with a physician on First Michigan's payroll. Patel then paid the physicians to order home-health services from First Michigan for the purported patients. First Michigan then confirmed that the patients were eligible for services and submitted the requests to Medicare. Patel worked closely with a physician's assistant named James Burdette. Burdette met with patients and prescribed Vicodin, Soma, and Xanax for them and called the prescriptions in to pharmacies that Babubhai owned and operated, such as Tri-City Apothecary and Rapid Drugs. Burdette also prescribed non-narcotic medications, but the patients rarely received these. Instead, the medications were billed to Medicare but not dispensed.

*United States v. Patel*, 694 F. App'x 991, 992-93 (6th Cir. 2017) ("*Patel*").

Patel was convicted at a jury trial. *See* Jury Verdict Form, ECF No. 1224, PageID.14954-55. Approximately a year later, the then-presiding judge entered judgment and sentenced Patel to 78 months in custody. *See generally*, Judgment, ECF No. 1441. After an appeal, the Sixth Circuit affirmed Patel's conviction, but ordered resentencing after concluding that the sentencing judge had not made proper factual findings about the amount of loss attributable to Patel. *Patel*, 694 F. App'x 991, 994-96. The then-presiding judge resentenced Patel to 73 months in custody, and did

3

not alter its conclusions as to the loss attributable to Patel. *See generally*, Amended Judgment, ECF No. 1653. Subsequently, Patel filed this motion under 28 U.S.C. § 2255. Upon the death of the late Honorable Arthur J. Tarnow this case, and Patel's petition with it, was transferred to the undersigned.

## II. LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States … the court was without jurisdiction to impose such sentence, or … the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside.

The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346. Generally, a motion brought under § 2255 must allege "one of

4

three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### III. DISCUSSION

Patel raises seven interrelated grounds for relief: (1) that his trial counsel rendered ineffective assistance when the trial judge erroneously instructed the jury with respect to Count One and his trial counsel failed to object; (2) that his trial counsel rendered ineffective assistance when the trial judge erroneously instructed the jury with respect to Count Twenty-One and his trial counsel failed to object; (3) that the trial judge's jury instructions on Count Twenty-One constructively amended the indictment and his trial counsel failed to object; (4) that his counsel rendered ineffective assistance at the time of resentencing by failing to object to the sentencing judge's loss calculation; (5) that his trial counsel rendered ineffective assistance by not calling his brother, Babubhai Patel, as a trial witness; (6) that his pretrial counsel rendered ineffective assistance by failing to seek certain records from McKesson Corporation, a third-party pharmaceutical supplier; and (7) that the government withheld information pertaining to McKesson Corporation.

The Court addresses each ground in turn.

### a. Whether Patel's trial counsel rendered ineffective assistance by failing to object to certain jury instructions

In ground one, Patel argues that, when instructing the jury on Count One, the trial judge "failed to explain [or] define the meaning of 'health care benefit program,'" and that his trial counsel should have objected. ECF No. 1681, PageID.21808-809. In ground two, Patel argues that, when instructing the jury on Count Twenty-One, the trial judge failed to define "Federal health care program," to which Patel's counsel should have objected. *Id.* The crux of Patel's argument appears to be as follows: because the trial judge never defined those terms, the jury was not instructed that in order to find Patel guilty, it would need to find that Patel's conduct affected interstate commerce. *See generally*, Patel's Br., ECF No. 1681, PageID.21835-847.

First, Patel did not raise these alleged defects on direct appeal, and has not shown the "cause" and "prejudice" required to overcome his failure to do so, arguing only that his appellate counsel also rendered ineffective assistance by failing to raise them. Appellate counsel's failure to raise an issue on appeal amounts to ineffective assistance "only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011). For the reasons explained below, Patel's argument is without merit, and his appellate lawyer did not render ineffective assistance by not raising it.

Second, putting aside Patel's failure to raise this issue on appeal, Patel has not made showing required to sustain an ineffective assistance claim: a reasonable probability that, but for his counsel's deficient performance in failing to raise this issue, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). This is because Patel's arguments about the jury instructions are without merit: this District has considered and rejected the very argument Patel now raises. In *United States v. Oleo*, a petitioner convicted of defrauding Medicare in violation of 18 U.S.C. § 1347 argued that his sentence was defective because "the jury instructions did not mention the 'affecting commerce' element." 2016 WL 3385080 at *2 (E.D. Mich. June 20, 2016). The *Oleo* court roundly rejected this argument, explaining that the Sixth Circuit has never required the "affecting commerce" element to be included in jury instructions for federal health care fraud. The *Oleo* court surveyed cases from other circuits, all of which further supported the conclusion that a district court's "failure to invoke the word 'commerce' in the jury instructions of a Medicare health fraud case does not affect the fairness or integrity of judicial proceedings." *Id*. (collecting cases).

Patel does not argue that Medicare or Medicaid is not a "health care benefit program," nor does he argue that those programs do not affect commerce. For good reason: it "cannot seriously be contended" that Medicare is *not* a health care benefit program or does *not* affect interstate

7

commerce, and the same logic extends to Medicaid. *See United States v. Hickman*, 331 F.3d 439, 444 (5th Cir. 2003). That the trial judge did not specifically mention the "affecting interstate commerce" element with respect to either Count One or Twenty-One did not affect the fairness or integrity of the proceeding in which Patel was convicted. *Oleo*, 2016 WL 3385080 at *2, *Hickman*, 331 F.3d at 444.

In ground three, Patel argues that the trial judge's allegedly erroneous instruction on Count Twenty-One operated as a constructive amendment of the Indictment, to which Patel's counsel should have objected. Patel argues that the First Superseding Indictment charges him with an offense "against the United States," but that the jury instructions included no such "offense against the United States" language.

The trial judge's instructions explained to the jury that, in order to convict Patel, they would need to find that he "conspired, or agreed, to commit the crime of paying or receiving health care kickbacks." ECF No. 1681, PageID.21889. The judge continued on to quote from 42 U.S.C. § 1320a-7b, the statute that defines the penalties for crimes involving federal health care programs. *Id.* at PageID.21889-90. The trial judge did not constructively amend the indictment by omitting the language "offense against the United States" in instructing the jury. For the reasons explained above, grounds one, two, and three are without merit.

8

### b. Whether Patel's counsel at resentencing rendered ineffective assistance by failing to object to the Court's loss calculation

In June, 2015, the trial court entered judgment and sentenced Patel to 78 months in custody. *See generally,* Judgment, ECF No. 1441. Patel timely appealed his original sentence. The Sixth Circuit affirmed Patel's conviction, but ordered resentencing because it concluded that the sentencing judge had not made proper factual findings about the amount of loss attributable to Patel. *United States v. Patel*, 694 F. App'x 991, 994-96 (6th Cir. 2017). At sentencing, Patel had disputed the amount of loss attributable to him. The sentencing judge overruled Patel's objection and adopted the probation department's recommendation that $7,238,276 was the amount of loss directly attributable to Patel, saying only that the author of Patel's presentence report had "got it right." *Id.*

On remand, the government submitted a sentencing memorandum laying out the factual basis for their calculation of loss. *See* Resentencing Memorandum, ECF No. 1646, PageID.21645-650. In that memorandum, the government explained that fraudulent nature of Patel and his codefendants' scheme, laid out facts about its operation, and provided illustrative examples. On resentencing, the sentencing judge apparently accepted the government's clearly articulated calculations and again found Patel responsible for $ 7,238,276, but reduced his sentence from 78 months in custody to 73 months. Amended Judgment, ECF No. 1653. Patel did not appeal.

Patel does not explain how the sentencing court failed to comply with the Sixth Circuit's order when it resentenced him, or point to any deficient language. Patel also does not explain why his failure to appeal his second sentence should be excused. A § 2255 petition is no substitute for a direct appeal, and a claim that could have been raised on appeal will not be entertained on a motion brought under § 2255 unless "the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

Patel does not raise an actual innocence claim, nor does he show the cause and prejudice required to excuse his failure to appeal. The Sixth Circuit specifically ordered the sentencing court to make adequate factual findings as to the amount of loss. That was the only issue to be addressed at Patel's resentencing—as Patel's counsel, the government's counsel, and the sentencing judge were no doubt aware. And there can be no doubt that Patel was aware he had the right to appeal his sentence: he had just successfully done so.

Ultimately, Patel does not show that the sentencing judge failed to make an appropriate loss finding when afforded a second opportunity to do so, nor does he explain why he did not appeal this purported failure. Accordingly, ground four is without merit.

### c. Whether Patel's trial counsel rendered ineffective assistance by not calling Babubhai Patel as a witness

In ground five, Vinod Patel argues that his trial counsel was ineffective because he failed to call as a witness Vinod's brother, Babubhai Patel. According to Vinod and an affidavit Babubhai submitted, Babubhai would have testified that Vinod did not know that he was participating in anything illegal, and that Babubhai would not have trusted Vinod to participate in any criminal scheme because Vinod was an alcoholic who could not be trusted to keep a secret. ECF No. 1681, PageID.21814, 21825-28.

Strategic decisions made after a lawyer thoroughly investigates the relevant law and facts are "virtually unchallengeable." *Strickland*, 466 U.S. at 690. The decision whether to call a witness is a "classic" question of trial strategy that merits significant deference under *Strickland*. *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012) (citing *Harrison v. Motley*, 478 F.3d 750, 756 (6th Cir. 2007). Though questions of trial strategy are not immune to challenge, the decision not to call Babubhai did not "fall outside of the wide range of professionally competent advice," as is required to show that a strategic decision constituted ineffective assistance. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984) (internal marks and citation omitted).

As the Government points out, Vinod's trial counsel could reasonably have concluded that Babubhai would not be a credible witness

11

were he to admit that he had orchestrated the fraud, and that calling him to testify on Vinod's behalf would have damaged Vinod's case by associating Vinod with an admitted fraudster. That Vinod's trial counsel visited Babubhai in custody and interviewed him about his prospective testimony further undermines Vinod's ineffective assistance claim. Put simply, Vinod's trial counsel interviewed Babubhai, investigated what he would say, concluded that his testimony would not be helpful, and declined to call him at trial. Keeping in mind the significant deference afforded to trial counsel's strategic choices, the Court will not now second-guess this decision.

### d. Whether Patel's pretrial counsel rendered ineffective assistance by failing to subpoena or otherwise investigate records related to McKesson Corporation

In ground six, Patel argues that he directed his pretrial counsel to obtain certain billing records from McKesson Corporation, a wholesaler of drugs, but his pretrial counsel failed to do so. ECF No. 1681, PageID.21863. Patel argues that these records would have shown that McKesson, not the Patel Pharmacies, was responsible for submitting false or fraudulent bills to Medicare, Medicaid, and other insurers. *Id.* In its opinion affirming Vinod Patel's original conviction on appeal, the Sixth Circuit explained that First Michigan Home Health Care defrauded insurers by billing for, but not dispensing, prescription drugs, and by submitting claims for home health care that "were based on

kickbacks or services that were medically unnecessary." *Patel*, 694 F. App'x at 992.

As the government argues in its response, ECF No. 1692, PageID.21934, Patel does not explain how the McKesson records would have affected the outcome of his trial; it is indeed frivolous to argue, as Patel seems to do, that a pharmacy did not "submit" fraudulent bills to an insurer because the fraudulent bills were sent through the software of a third-party billing company.

Vinod Patel's brother Babubhai Patel raised a similar argument in a § 2255 petition filed in 2015. *See* Babubhai Patel 2255 Petition, ECF No. 1475, PageID.20415-16 (arguing that McKesson information would have shown that McKesson billed the relevant insurers, and that the Patel Pharmacies never submitted any bills to any insurers directly). The then-presiding judge, the late Honorable Arthur Tarnow, rejected this argument. *See* Order Denying Babubhai Patel's 2255 Petition, ECF No. 1619, PageID.21533. Judge Tarnow explained that McKesson records related to the returns of medication were "not relevant to [Babubhai Patel's] guilt at trial or his sentencing," because the scheme for which Babubhai was indicted and convicted "was completed when insurers were billed for prescriptions that were not dispensed." *Id*. The Sixth Circuit affirmed Judge Tarnow's decision to deny Babubhai's 2255 petition.

Babubhai Patel later moved for relief from judgment, making the same argument that Vinod makes now: that "Patel nor any of the

13

Pharmacies he managed never submitted any claims false fraudulent or otherwise" to any insurers, and instead all claims were submitted by McKesson's Billing Division." Babubhai Patel Mot. for Relief from J., ECF No. 1652, PageID.21671. Judge Tarnow deemed Patel's motion a request to file a second or successive § 2255 petition and transferred it to the Sixth Circuit. *See generally,* Order on Babubhai Patel's Motion, ECF No. 1655. The Sixth Circuit rejected the petition.

For the same reasons that the argument raised by Vinod Patel in ground six has already been repeatedly rejected by the prior presiding judge in this matter and by the Sixth Circuit when raised by his brother Babubhai, ground six does not allow the Court to conclude that Patel's conviction and sentence were imposed in violation of the Constitution.

### e. Whether the Government withheld exculpatory evidence in violation of *Brady v. Maryland*

The Court understands Patel to be arguing that the government withheld two types of information. First, information that McKesson, not the Patel Pharmacies, submitted the fraudulent bills to insurers; and second, information that McKesson entered a settlement with the Department of Justice for falsely reporting inflated wholesale prices for certain drugs, causing Medicare and Medicaid to overpay for those drugs. ECF No. 1681, PageID.21868-874.

"Evidence is material under Brady if a reasonable probability exists that, had the evidence been disclosed to the defense, the result of the

14

proceeding would have been different." *Jefferson v. United States*, 730 F.3d 537, 550 (6th Cir. 2013) (internal marks and citations omitted). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id*.

With respect to the billing records, it is not wholly clear how the government could have withheld evidence from Patel about the billing practice of the Patel Pharmacies. But in any event, these claims were repeatedly rejected when raised by Babubhai Patel, as explained above. As to the McKesson settlement, this claim was also raised and rejected by the Sixth Circuit in Babubhai Patel's § 2255 petitions. *See* ECF No. 1692-2, PageID.21945-47. Patel does not explain how the settlement agreement bears on his conviction. The settlement agreement—in which McKesson admits no liability—concerns allegations that McKesson artificially inflated the prices for certain drugs that it submitted to a database used by Medicaid and other insurers to set payment rates for pharmaceuticals. ECF No. 1681, PageID.21900. In so doing, McKesson increased the average payment rates set by Medicaid and other insurers for those drugs. Patel does not explain how this relates to or undermines the evidence adduced at trial that Patel and his coconspirators submitted claims for services and prescriptions that were either not performed or not medically necessary. As Judge Tarnow explained in his order denying

15

Babubhai Patel's first § 2255 motion, the scheme was completed when the bills were generated by the Patel Pharmacies and submitted to insurers for payment. And, as discussed above, Patel's argument that the Patel Pharmacies did not submit any bills to insurers because those bills were routed through third-party software is without merit. Accordingly, ground seven does not reveal a basis to grant the requested relief.

## IV. CONCLUSION

For the above-stated reasons, Petitioner Vinod Patel's motion for relief under 28 U.S.C. § 2255 is **DENIED**. It is **FURTHER ORDERED** that Patel's Motion to expand the scope of this § 2255 proceeding (ECF No. 1697), Motion to grant discovery (ECF No. 1725), and Motions for prompt disposition (ECF Nos. 1700, 1730), are **DENIED AS MOOT**. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 30, 2023　　　　s/Terrence G. Berg
　　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE